RISLEY, AUDITOR, ET AL. *v.* RUMBLE.

[No. 11,838.   Filed June 25, 1924.]

1. PLEADING.—*Indefiniteness of Averments.—Method of Attacking.—Statutes.*—Under the provisions of §§385, 391 Burns 1914, §§376, 382 R. S. 1881, the appropriate method of attacking a pleading for indefiniteness in some of its averments is by motion to strike out such averments, and not by motion to make more specific.   p. 579.

2. PLEADING.—*Function.—Facts Assumed True in Ruling on Demurrer.*—The function of a pleading is to state facts, and only such facts as are well-pleaded are assumed to be true in ruling on a demurrer.   p. 579.

3. TAXATION.—*Complaint to Enjoin Collection of Taxes.—References to "Persons Similarly Situated" Improper.*—In a complaint to enjoin the collection of certain taxes assessed against the plaintiff, references to "persons similarly situated" were improper, as, if other persons owning lands which had been assessed on the same plan were aggrieved thereby, their interests would be several and not joint with the plaintiff.   p. 580.

4. TAXATION.—*Complaint to Enjoin Collection of Taxes on Real Estate.—Averments Concerning Personal Property Improper.*—In a complaint to enjoin·the collection of taxes on plaintiff's real estate, averments concerning plaintiff's personal property were improper.   p. 580.

5. TAXATION.—*Complaint to Enjoin Collection of Taxes on Real Estate.—Averments Concerning Income from Oil Improper.*—In a complaint to enjoin the collection of taxes on plaintiff's real estate, averments concerning assessments on income from oil produced by the land were improper where the plaintiff treated the assessment as an increased value of the real estate, and such averments constitute an argumentative attempt

to contradict the plain meaning of the language used by the board in making the assessment.   p. 580.

6.   TAXATION.—*Complaint to Enjoin Collection of Taxes.—Averment That Assessment Was Without "Lawful" Notice.*—In a complaint to enjoin the collection of taxes, an averment that the auditor placed the assessment against plaintiff's property without "lawful" notice was improper, as it was merely a statement of a conclusion of the pleader as to a proposition of law.   p. 580.

7.   TAXATION.—*Complaint to Enjoin Collection of Taxes.—Averment Concerning Additional Assessments on Real Estate.—Description of Land.—Conclusions of Law.*—In a complaint to enjoin the collection of taxes, an averment that the State Tax Board cannot make an additional assessment against real estate without specifically designating and describing the land was improper, for the reason that it was merely a statement of the conclusion of the pleader as to a legal proposition.   p. 580.

8.   PROPERTY.—*Real Estate.—Includes All Beneath Surface.*—As a general rule, whatever lies beneath the surface of a tract of land belongs to the owner of the surface.   p. 581.

9.   TAXATION.—*Real Estate.—Oil-Producing Wells.—Element to Be Considered.*—Oil-producing wells on land are a legitimate element to be considered in fixing the value of the land for the purposes of taxation.   p. 581.

10.   TAXATION.—*Increased Valuation by State Board of Tax Commissioners.—Entry on Tax Duplicate.*—It is not necessary for the county auditor, in entering on the tax duplicate an increase of the assessment on the lands of a taxpayer, ordered by the State Tax Board because there are oil-producing wells thereon, or for any other reason, to enter said increase at any particular place on the duplicate, since general taxes on the land of a taxpayer are not apportioned and distributed to the various tracts of land owned by the taxpayer.   p. 582.

11.   TAXATION.—*Construction of Tax Law.*—In construing a tax law, all provisions which are intended merely to secure methodical procedure should be regarded as directory, and those provisions only which are necessary to the protection of the citizen should be regarded as mandatory.   p. 584.

12.   TAXATION.—*Procedure in Placing Property on Tax Duplicate.—Validity of Tax.—Penalty Against Officer.*—A literal compliance with those directions of the tax law which are not essential to the protection of the citizen is not essential to the validity of the tax, even though the officer may be penalized for his failure to obey the statutory directions.   p. 584.

13.   TAXATION.—*Complaint to Enjoin Collection of Taxes.—Oil-Producing Lands.—Sufficiency of Averments.*—In a complaint

to enjoin the collection of taxes on plaintiff's lands, added by order of the State Board of Tax Commissioners because of oil-producing wells thereon, a paragraph averring that a named oil company is the owner and holder of a leasehold thereon and is the owner of the oil-wells, but not showing that plaintiff had conveyed to the oil company the title to the oil under the surface or that there has been a severance of the ownership of the oil thereunder and the land itself, is insufficient. p. 585.

From Pike Circuit Court; *John F. Dillon,* Judge.

Action by James P. Rumble against William F. Risley, Auditor, and another as county treasurer, to enjoin the collection of taxes. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Arthur W. Wolven, Carl M. Gray* and *Willis C. Nusbaum,* for appellants.

*W. D. Curll, S. E. Dillin* and *E. P. Richardson,* for appellee.

This action was instituted by James P. Rumble against William S. Risely, auditor, and Herbert H. Harmeyer, treasurer, of Pike county, to enjoin the collection of certain amount of tax computed on an additional value of the plaintiff's real estate, which additional value represents an increase fixed by the State Board of Tax Commissioners. The defendants filed a motion to require the plaintiff to make his complaint more "specific" in ten particulars by stating the facts necessary to support certain conclusions in the complaint averred. The motion was overruled. A demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action was overruled. The plaintiff then filed a second paragraph of complaint. A motion to strike out the second paragraph, on the ground that it is merely a duplicate of the first, was overruled. The defendants then filed a demurrer to each paragraph of the complaint on the ground that neither paragraph states facts sufficient to constitute

a cause of action, which demurrer was overruled. The defendants refused to answer, and thereupon, the court rendered judgment enjoining the defendants "from the collection of taxes. assessed and now levied against the land of the plaintiff by reason of the amounts added thereto by the State Board of Tax Commissioners."

The errors assigned challenge: (1) the ruling on the motion to make more specific; and (2) the ruling on the demurrer.

Excluding all those averments which clearly have no legitimate place in the pleading, the substance of the first paragraph of the complaint is as follows:

"On March 1, 1922, the plaintiff was the owner of real estate in Madison Township, County and State aforesaid. His real estate was duly assessed by the township assessor at its true cash value, and the assessment thereof was duly delivered to the county auditor and placed before, and approved by, the county board of reviews. Thereafter, at the instance and request of the State Board of Tax Commissioners, the auditor certified the assessment to the state board. After notice to the plaintiff, the state board made a pretended assessment on his real estate in addition to the assessments made by the township assessor. The pretended assessment so made by the state board on his real estate is as follows:

" 'The following assessments are additional values on all lands leased to oil companies:

| No. | Name and address. | Real. | Assessment by State Board. |
|-----|-------------------|-------|----------------------------|
|     | J. P. Rumble      | "     | $2810' |

(Here follows a list of other landowners in same township whose assessments were increased on account of oil wells.)

"The plaintiff appeared before a representative of the state board at the hearing and protested and filed

written objections to the assessment; and the assessment was made over his objections.

"In the pretended assessment no description of the parcel or tract of land upon which the assessment attaches is given. There is nothing in the assessment to indicate the lands intended to be assessed; and the plaintiff cannot now describe the real estate upon which the assessment is made, for the reason that no description is given.

"The auditor, pursuant to said assessment, placed the assessment on the tax duplicate and placed the additional value on the plaintiff's real estate. The auditor arbitrarily designated the real estate and increased the assessment thereof, made the assessment permanent, computed the tax thereon, entered the amount of the tax on the duplicate, and placed the tax duplicate in the hands of the treasurer for collection.

"The treasurer, unless restrained and permanently enjoined, will proceed to collect the tax in the manner by law provided for the collection of delinquent tax. The tax for the year 1922 is now due. The auditor, unless permanently restrained, will place said tax on the tax duplicate for the years 1923 and 1924, and will deliver the duplicate to the treasurer for collection in said years.

"The nature of oil and gas is fleeting and the production thereof from the plaintiff's wells is constantly decreasing. Wells are being abandoned and plugged from time to time and the income and royalty therefrom is decreasing with each month. No new wells are being completed. The assessment, as an assessment of additional value on real estate, is fleeting and not a proper method of assessing real estate under the law. The surface of oil-producing lands is of less value during the production of oil when it is under the control

of the lessee; and the production of oil on the lands compensates somewhat for the loss of the use of the surface."

The second paragraph is the same as the first, except that it contains the following additional matter:

"The plaintiff is the owner of the following described real estate in Madison Township, Pike County, Indiana, as the same appears on the tax duplicate of said county, to wit:   (Here follows specific description of six separate tracts).

"The only oil produced on the lands of the plaintiff is on the following tracts:   the north-east quarter of the south-east quarter; the east side of the south-east quarter of the south-east quarter, containing 25.40 acres; and one well producing oil on the north-west quarter of the south-east quarter, all in section 36, town 1 north, range 9 west.   No oil is produced on any other real estate owned by the plaintiff.

"The Murphy Oil Company is the owner of a leasehold on the real estate last described, and is the owner of the well producing oil thereon.   The oil is pumped from the wells, placed in storage tanks, and turned into the pipe lines of the Illinois Pipe Line Company. The oil is the property of the Murphy Oil Company, the plaintiff owning one-eighth and the Murphy Oil Company seven-eighths.   When the oil is sold to the Pipe Line Company, division orders are signed by the owner of the leasehold and the plaintiff, and the proceeds from the sale of the oil is distributed by the Pipe Line Company to the plaintiff and the owner of the leasehold, in the proportions herein alleged.   The income from the production of oil and gas on the lands herein described is personal property and not real estate.   The plaintiff has no right, title or ownership in and to the oil under his land until the oil is brought to the surface by the owner of the leasehold and until division

orders have been signed, authorizing the payment to the owner of the leasehold and the owner of the real estate in the proportions herein alleged.

"When the pretended assessment of additional value on lands leased to oil companies was certified by the state board to the auditor, the auditor did not make an additional assessment on the lands of the plaintiff upon which oil and gas was produced. The assessment was placed by the auditor at the end of the tax duplicate for Madison Township, indicating thereon the names of those assessed, designating as additional value on real estate the amount of the assessment, without giving a description of the real estate assessed."

DAUSMAN, J.—There is nothing to be gained by an extended discussion of the various questions raised by the first assignment of error. It is sufficient to say that, in attacking the complaint by a motion to make more specific, the defendants misconceived their remedy. (See §385 Burns 1914, §376 R. S. 1881.) The appropriate method of attack was by motion to strike out. §391 Burns 1914, §382 R. S. 1881; *Pittsburgh, etc., R. Co.* v. *Nichols, Admr.* (1921), 78 Ind. App. 361. It is only fair to say that counsel for the defendants were misled by the unintelligible language of §343a Burns' Supp. 1921, Acts 1915 p. 123; *Outing Kumfy-Kab Co.* v. *Ivey* (1919), 74 Ind. App. 286; *Central Bank, etc.,* v. *Martin* (1918), 70 Ind. App. 387.

In passing upon the sufficiency of each paragraph of complaint, we are required first to determine what averments are legitimate. It is elementary that the function of a pleading is to state facts; and that for the purposes of the demurrer, only such facts as are well pleaded are assumed to be true.

The complaint is exceedingly verbose. Many of the averments in the same paragraph of the complaint are

flatly contradictory. The following statement of some of the matter eliminated will indicate the difficulty which must be encountered when attempting to determine the sufficiency of either paragraph: (1) All averments and references relating to "persons similarly situated." If other perrons own lands which have been assessed on the same plan, and if those other persons are aggrieved thereby, their interests are several and not joint. *Jones, Treasurer,* v. *Rushville Nat. Bank* (1894), 138 Ind. 87. (2) All averments concerning the assessment of the plaintiff's personal property. (3) All averments to the effect that the additional value fixed by the state board is, in truth, an assessment on the income derived from the production of oil, or on the oil in, or supposed to be in, the land, or on personal property. It is plainly averred that the state board made an assessment in certain words and figures. Those words and figures are set out in full and speak for themselves. The averments concerning the effect of that assessment constitute an argumentative attempt to contradict the plain meaning of those words and figures. Furthermore, in several other averments, the plaintiff clearly treats the assessment as an increased value of the real estate. (4) The averment that the auditor placed the assessment against the plaintiff's real estate without any *lawful* notice to him is a proposition of law. (5) The averment that an additional assessment on real estate cannot be made without specifically designating and describing the real estate is a proposition of law.

·Having eliminated · the averments which are not legitimately pleaded, the first paragraph still remains indefinite and perplexing. As nearly as we are able to ascertain his position, the plaintiff seeks to sustain his complaint on three propositions: (1) that the assessment by the state board is too indefinite because it does

not specifically describe the land on which the increased value is placed; (2) that the fact that plaintiff's land is producing oil does not justify a valuation above what would be its value if it were not oil-producing land; and (3) that the additional value has not been properly entered on the tax duplicate.

It appears, expressly and .inferentially, that as the result of the hearing before the state board, at which hearing the plaintiff was present in person, and in which he participated, the board decided that a certain sum should be added to the value of the plaintiff's land which is leased to oil companies, but did not specifically describe the land which is so leased; that the state board merely designated the land affected by the words "lands leased to oil companies"; that the gross amount of increase in value was certified to the county auditor; that the auditor placed the additional value on the plaintiff's real estate; and that, in so doing, the auditor arbitrarily designated the land and increased the assessment thereof.

Now, what does the court know about it? In what particular is the action of the auditor arbitrary? How has the plaintiff been injured? By what specific act has he been aggrieved?

The general rule that whatever lies beneath the surface of a tract of land belongs to the owner of the surface is so familiar that it should be unnecessary 8, 9. to cite authority to sustain it. *Knight* v. *Indiana Coal, etc., Co.* (1874), 47 Ind. 105, 17 Am. Rep. 692. The fact that there are oil-producing wells on the plaintiff's land is a legitimate element to be considered in fixing the value of the land. But what is the effect of the averment that "the nature of gas and oil is fleeting"? Does the plaintiff mean that the supply of oil may become exhausted and the wells cease to be productive? If so, that feature may well be left

for future consideration. When the wells become non-productive, perhaps the plaintiff may then find a way to have his assessment reduced.

It is averred that although the additional value was certified to the county auditor, that officer "did not make an additional assessment on the lands of the plaintiff", but that "said assessment was placed by the auditor at the end of the tax duplicate for Madison Township." Do these averments show that the plaintiff is about to suffer irreparable injury? How does it concern him whether the entry has been put at the beginning or at the end of the tax duplicate? How would he be injured if the entry had been made in the middle of the duplicate? Is not that merely a matter for the convenience of the officers?

In taxation by special assessment (as in the improvement of a street by paving) the proceeding is *in rem.* The tax is levied on a particular tract of land which is specifically described. If the owner of the land neglects or refuses to pay the tax, then it must be realized from the land or not at all; for there is no personal liability against the owner. In taxation by general assessment, the plan is entirely different. A general tax (such a tax as is levied pursuant to our general tax law for state, county, township, school, or other purposes) is not apportioned and distributed to the various tracts of land owned by the citizen. Where the citizen's land consists of various tracts, each tract is liable for the total tax for the payment of which the owner is obligated, even including the tax computed on his personal property. Indeed, the duty to pay the tax is an obligation imposed upon the citizen by law, and, in this jurisdiction, that obligation may be enforced by an action in *personam* instituted in the name of the State. It is true that in the process of listing and valuing the land owned by the plaintiff, a description

thereof was required to be entered in the record of the township assessor (§10139j5 *et seq*. Burns' Supp. 1921, Acts 1920 [Spec. Sess.] p. 193) ; but that is a preliminary proceeding for the purpose of enabling the officers to determine the quantity and value of his real estate. The ultimate purpose of that process is to determine the total value of all his land. *Prudential Casualty Co.* v. *State* (1924), 194 Ind. 542, 143 N. E. 631.

The presumption is that, at the time of the hearing, the state board had before it a description of the plaintiff's lands. While the action of the state board is rather awkwardly expressed, the only legitimate interpretation of its order is that it thereby increased the total value of the plaintiff's lands on account of the oil-producing feature to the extent of $2,810. Thereupon it became the duty of the county auditor to enter the additional value on the tax duplicate. §10139b8 Burns' Supp. 1921, Acs 1919 p. 198. Now, is it essential that the additional value shall be entered on the duplicate in any particular manner?

The legislature has directed how the tax roll or tax duplicate shall be prepared as to form and substance. §10139x7 Burns' Supp. 1921, Acts 1919 p. 198. Among other things, it is provided that the auditor shall enter in separate columns: "All lands and lots in each civil township, with the names of the owners in alphabetical order, the value of the lands or lots without improvements, and opposite this the value of the improvements thereon."

Suppose that, when preparing the duplicate, the auditor had inadvertently omitted the plaintiff's name and property and failed to discover the omission until all other names had been entered; then, being unable to enter his name in its alphabetical order because no space had been reserved for that purpose, he had made the entry out of its alphabetical order. Would that render

the tax unlawful? Would that relieve the plaintiff of his obligation to pay the tax? Would that justify a court in perpetually enjoining the collection of the tax? These questions must be answered in the negative.

There is a general rule founded on sound reason and principle which requires that when construing a tax law all those provisions which are intended to 11, 12. secure methodical procedure shall be regarded as merely directory, and that only those provisions which are necessary to the protection of the citizen shall be regarded as mandatory. Sutherland, Statutory Construction §455; *Sibley* v. *Smith* (1853), 2 Mich. 487; *Clark* v. *Crane* (1858), 5 Mich. 151, 71 Am. Dec. 776; *Torrey* v. *Millbury* (1838), 21 Pick. (Mass.) 64; *Millikan* v. *Crail* (1912), 177 Ind. 426. That rule is applicable even in the law of taxation by special assessment. That is to say, a literal compliance with those directions which are not essential to the protection of the citizen is not essential to the validity of the tax. That is true even though the officer may be penalized for his failure to obey the statutory directions.

The evident purpose of the provisions of the statute relating to the manner of preparing the tax duplicate is to prescribe a convenient method of bookkeeping which shall be uniform throughout the state. It is not essential to the protection of the citizen that those directions shall be literally obeyed; for the citizen may be abundantly protected in any controversy concerning his liability by reference to the original assessment sheet and other official records. Any failure, therefore, to enter the plaintiff's name and a description of his land in such a manner as to constitute a literal compliance with the statutory directions, if there has been such a failure, will not relieve him from his obligation to pay the tax, the collection of which he seeks to enjoin.

The fact should not be overlooked that the auditor is

expressly authorized to correct the tax duplicate at any time (§10139b8 Burns' Supp. 1921, *supra*) ; and for that purpose he may obtain a description of the land leased to oil companies from the lease itself (if it be recorded) or from the second paragraph of the complaint herein.   §10139p1 Burns' Supp. 1921, Acts 1919 p. 198.   As to what will constitute a sufficient description of real estate for the purposes of taxation, seé §§10139j5, 1013915, 10139p1 Burns' Supp. 1921, Acts 1919 p. 198.

In the second paragraph of the complaint the plaintiff has described his oil-producing land in three tracts and has averred that "the Murphy Oil Co. is the owner and holder of a leasehold thereon and is the owner of the oil wells."   But, from all the averments, it cannot be inferred that he has conveyed to the oil company the title to the oil under the surface or that there has been a severance of the estate for the purpose of ownership.   On the contrary, the averments plainly show that he has given to the oil company what is commonly known as an "oil lease" in consideration of a share of the product.

Neither paragraph states facts sufficient to constitute a cause of action.

Judgment reversed, and the trial court is directed to sustain the demurrer to each paragraph of the complaint.

McMahan, J., dissents.