SCOTT, COUNTY TREASURER ETC. *v.* ABKE

[No. 19,201. Filed January 6, 1960.]

*J. Hurley Drake,* County Attorney, of Sullivan, for appellant.

*Wendell Tennis,* of Sullivan, *Patrick J. Smith* and *Thompson, O'Neal & Smith,* of counsel, of Indianapolis, for appellee.

GONAS, J.—This is an appeal from a judgment of the Sullivan Circuit Court enjoining the appellant, who is County Treasurer, from collecting certain taxes assessed against the appellee. The assessments appear on the tax duplicates for the years, 1953, 1954, 1955, and 1956, no part of which has been paid.

Appellant, who was defendant below, demurred to appellee-plaintiff's complaint. The demurrer was over-ruled and appellant answered by special denial. The issues were joined and the case was tried without a

jury upon a joint stipulation of facts which resulted in a general finding for appellee. Judgment was in favor of the appellee in the form of an order which enjoined appellant from attempting to collect the assessments, which were oil royalties, and that the assessments be expurged from the record of the Treasurer. Appellant filed a motion for a new trial which was overruled.

It appears that appellee acquired an interest, by a lease duly assigned to him, of all the oil and gas underlying a certain tract of land in Sullivan County. In 1950 there was a general assessment of all the real estate in Sullivan County for state, county, and township taxes. The stipulation shows oil was being produced from the realty in question prior to 1950. During the years 1952 to 1956, inclusive, there was production of oil from the real estate, governed by the oil and gas leases, in which appellee owned his working interest. During these years appellee paid to the state of Indiana all gross income tax due from him for that period on oil production, and he also paid the state of Indiana conservation tax due on the oil production. In addition to these taxes, an assessment designated as an oil royalty tax for the years 1952, 1953, 1954, 1955 and 1956 for oil received by appellee as the owner of a working interest in the oil and gas lease, has been made without the consent of the appellee and placed on the tax duplicate in the appellant's office.

Appellant contends that the tax is a legitimate real estate tax, the oil being in fact, realty distinct from the ownership of the surface.

Appellee contends that no authority exists for the levying of an oil production royalty tax such as appellant has sought to assert. Appellee argues that this tax is not a reassessment of realty under the provisions of the law providing therefor; it is not omitted prop-

erty, it is not an improvement, nor is it a correction of a clerical error.

*Sluder* v. *Mahan, Treasurer of Sullivan County* (1954), 124 Ind. App. 661, 121 N. E. 2d 137, is in point and involves the same plaintiffs and defendant's predecessor in office. The facts are seemingly identical. The court, in that case, held that an increase in property tax not authorized by statute is illegal and may be enjoined by taxpayers who are adversely affected. The court went on to say that where the assessed value of real estate was determined by the general assessment of 1950, no general reassessment was authorized by §64-1019, Burns' 1951 Repl. and the only instance in which increases would be authorized under said statute would have been corrections of clerical errors in making assessment rolls or where the land or improvement has been omitted from taxation. Officials making assessments under statutory authority are restricted to the express provisions of the statutes. Here the oil deposits beneath the surface of the soil were held to be a part of the real estate and not an improvement. It was also held that after the assessment of 1950 the actual or potential oil producing character was not assessable as omitted property, since this would increase the assessment on land already assessed.

Apparently appellant now contends that oil in barrels which has been removed from real estate and put in the hands of a lessee is the real estate of the lessee and should be assessed as such. However it seems as suggested in the said Sluder case, if the tax structure is now inadequate to provide for a just share of the tax burden by oil producing real estate, the legislative process must be the source of correction.

The judgment of the lower court is affirmed.

Bierly, P. J., and Kelley and Smith, JJ., concur.

NOTE.—Reported in 163 N. E. 2d 257.