BOARD OF COMMISSIONERS OF THE COUNTY OF SULLIVAN v. GEORGE E. HEAP; SUMMERS HEAP; KEITH STEWART; JULIA K. STEWART; ROBERT K. STEWART; THOMAS L. STEWART; MARY G. STEWART; JULIA K. TURNER; BILLY G. STEWART; VAUGHN K. MICHAEL; CUMMINS PETROLEUM CO., INC.

[No. 1-1072A90. Filed March 29, 1973. Rehearing denied May 4, 1973. Transfer denied August 16, 1973.]

*Robert G. Lowry*, of Sullivan, for appellants.

*George E. Taylor, E. D. Powell, Taylor and Taylor*, of Sullivan, for appellees.

ROBERTSON, P.J.—The plaintiff-appellants (County) are appealing the granting of a permanent injunction enjoining the collecting of taxes for the calendar years 1960 through

1970, on certain working interests and overriding royalty interests[1] in oil and gas leases belonging to the several defendant-appellees (herein collectively referred to as Heap). The issue presented by the overruled motion to correct errors is whether the injunction is contrary to law. We concur with the judgment of the trial court.

The case was tried on a stipulation of facts, the portions pertinent to this appeal reading as follows:

"1. That the plaintiffs in this cause are proper parties to bring suit in this case and this Court has jurisdiction of the parties and the subject matter.

2. During the calendar years 1960 through 1970, the defendants each owned and now presently own working interests and/or overriding royalty interests in leasehold estates created by oil and gas leases dated prior to 1960 and covering land located in Sullivan County, Indiana, which oil and gas leases contained the provision that they shall remain in force for a primary term of a definite number of years from the date of each lease as set forth therein and as long thereafter as oil or gas is produced from the premises.

3. During the calendar years 1960 through 1970, the defendants received income from and operated oil wells on said land and produced and sold oil from said land covered by said oil and gas leases and that the defendants are still producing said wells and selling oil from said premises at this time.

4. That during the period from March 1, 1960 through March 1, 1970, the proper taxing officials assessed the undivided working interests and overriding royalty interests in the leasehold estates created by said oil and gas leases and owned by the defendants for real estate taxation and placed same on the tax duplicate; said taxes for said years being in the amounts as set forth on Exhibit A, attached hereto and made a part hereof.

1. County utilizes the following definitions of the several types of interests: Royalty Interests: a ⅛ interest of a landowner-lessor and referring to oil proceeds owed to the landowner-lessor for use of his property. 22 I.L.E. Oil & Gas § 30 (1959). Working Interest: The mineral interest less the royalty interest, usually amounting to ⅞ of the total royalties of oil production. 46 *Words and Phrases*, Working Interest p. 280 (1970). Overriding Royalty Interests: Fractional interests of the working interest. *Halbert* v. *Hendrix* (1950), 121 Ind. App. 43, 95 N.E.2d 221.

5. That the procedure used by said taxing officials in making such assessments were correct. This stipulation '5' applies only to the 'procedure' of such assessment, as provided by statute. GET RGL

6. That the only response to said assessments and to the receipt of said tax bills by the defendants was their failure and refusal to pay said taxes when due; and because of their failure to pay said taxes when due, penalties were assessed against each of said defendants in the amounts set forth on Exhibit A, attached hereto and made a part hereof; however, the defendant Vaughn K. Michael did pay taxes on his interests in said leasehold estates due in 1967, 1968, 1969, 1970 and 1971.

7. That during said years, said defendants voluntarily filed with the Sullivan County Assessor certain schedules of personal property owned by them and used by them in the production of oil under said leases covering said land and voluntarily paid personal property taxes thereon in the amounts as shown on Exhibits B, C, and D attached hereto and made a part hereof."

In addition to making the injunction permanent against collecting the taxes, the trial court ordered the questioned assessments expunged from the tax records.

County's argument in support of its motion to correct errors is in three parts: (a) working interests and overriding royalty interests are subject to county real estate taxes during the years in question; (b) that the cases of *Sluder* v. *Mahan* (1954), 124 Ind. App. 661, 121 N.E.2d 137, and *Scott* v. *Abke* (1960), 130 Ind. App. 199, 163 N.E.2d 257, are not controlling of the issue in this case; and (c) that taxation of the sort here is discriminatory.

Real property, for the purpose of taxation in Indiana, has had two definitions during the period in question. The pertinent parts of the statutes read:

" 'Real Property' defined.—When used in this act, the term 'real property' means all lands and lots within the state and all buildings and fixtures thereon and appurtenances thereto, except as otherwise expressly provided by law. Whenever, distinct from the ownership of the surface thereof, by deed, contract, reservation in any conveyance or

otherwise, an estate is created in such land or in any mines or minerals therein, any and all such subservient interests or rights shall be deemed real property." Ind. Ann. Stat. § 64-304 (Burns 1961) IC 1971, 6-1-20-4.

"For the purposes of taxation, real property shall include all lands and lots within the state and all buildings and fixtures thereon . . .; and whenever, distinct from the ownership of the surface thereof, by deed, contract, reservation in any conveyance or otherwise, an estate is created in such land or the mines or minerals therein, any and all such subsurface interests or rights shall be deemed real estate and each such subsurface estate shall be separately listed and taxed as such . . ." Ind. Ann. Stat. § 64-104 (Burns 1951)

County, after citing *Monon Coal Co.* v. *Riggs* (1944), 115 Ind. App. 236, 56 N.E.2d 672, and the *Sluder* case, *supra*, both of which hold that oil is a mineral, asks us to substitute the word "oil" for the word "mineral," as used in the above quoted statutes, to arrive at the conclusion that the leases in this case are real property for the purpose of taxation. The County also relies upon other citations, case law and statutes, which denominate the leases in question in terms common to real property.

Heap argues, and we agree, that the collective holdings of *Risley, Auditor* v. *Rumble* (1924), 81 Ind. App. 573, 144 N.E. 568, *Scott, Sluder* and *Monon* cases, *supra*, that oil and gas production is a proper element in determining the assessed valuation of real estate but it cannot be assessed as a separate interest in the land. See also: 27 I. L. E. Taxation § 106 (1959).

We feel this position is substantiated by the fact that the legislature has had substantial time to correct any inequities created by the *Scott* case, *supra*, insofar as changing the definition of real property for the purpose of taxation. Moreover, we are of the opinion that the same observation is dispositive of the discriminatory argument made by the County. Just as opined in *Scott* and *Sluder*, problems of this sort are to be resolved in the legislature, and not this court.

Another point in support of not taxing these leases as real property is a continuing judicial recognition of oil as an incorporeal hereditament possessing transitory characteristics until reduced to actual possession. See *Monon, supra, Besing, et al.* v. *Ohio Valley Coal Co.* (1973), 155 Ind. App. 527, 293 N.E.2d 510.

County mounts a substantial attack upon the *Scott* and *Sluder* cases, *supra*, by pointing out certain errors in the opinion. Assuming these errors to exist, we feel that their presence does not detract from the overall philosophy expressed herein.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.