**The COMMON COUNCIL OF the CITY OF HAMMOND, Marian J. Bojda, Bruno J. Rogala, et al., Appellants–Plaintiffs,**

v.

**John MATONOVICH, Assessor of North Township Lake County, Indiana, Appellee–Defendant.**

No. 45A03–9705–CV–162.

Court of Appeals of Indiana.

March 5, 1998.

---

Robert G. Berger, David E. Mears, Highland, David Paul Allen, Hammond, for Appellants–Plaintiffs.

Joseph E. Costanza, Kathryn D. Schmidt, Burke, Murphy, Costanza & Cuppy, Merrillville, for Appellee–Defendant.

## OPINION

STATON, Judge.

The Common Council of the City of Hammond ("Common Council") and numerous Hammond taxpayers ("Taxpayers"), collectively referred to hereinafter as the "Appellants," appeal from the trial court's dismissal of their suit against John Matonovich, the Assessor of North Township in Lake County. The Appellants raise several issues, one of which is dispositive. We restate it as: whether the Lake Superior Court erred by dismissing Appellants' lawsuit due to Appellants' failure to exhaust their administrative remedies.

We affirm.

The facts as alleged in the complaint are that in April 1996, Matonovich sent property reassessment notices to the Taxpayers. The notices purported to serve as a "general revaluation" of each taxpayer's property. In June and again in August of 1996, Matonovich mailed additional reassessment notices to the Taxpayers. Again, the reason given for the reassessments was a "general revaluation." Thus, each taxpayer's property was reassessed three times between April and August of 1996, resulting in up to three different assessed values being placed on a single parcel of property within a five-month period.

In December 1996, the Taxpayers, joined by the Common Council, filed this lawsuit in the Lake Superior Court requesting, *inter alia*, that the court vacate all three property reassessments. The Appellants asserted in their complaint that Matonovich lacked statutory authority to issue any of the reassessment notices. In response Matonovich filed an Ind. Trial Rule 12(B)(1) motion to dismiss, contending *inter alia*, that the trial court lacked subject matter jurisdiction due to the Appellants' failure to exhaust their administrative remedies. The trial court granted Matonovich's motion; this appeal ensued.

■ When a trial court is confronted with a T.R. 12(B)(1) motion to dismiss, it must decide upon the complaint, the motion, and any affidavits or other evidence submitted whether it possesses the authority to further adjudicate the action. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286–87 (Ind.1994), *reh. denied.* Further, when considering a motion to dismiss for lack of subject matter jurisdiction, the court may weigh the evidence to determine the existence of jurisdictional facts. *Id.* Where the facts are not in dispute, however, we review the trial court's decision *de novo. Rieheman v. Cornerstone Seeds, Inc.*, 671 N.E.2d 489, 491 (Ind.Ct.App.1996), *trans. denied.*

Appellants' lawsuit is based upon their assertion that Matonovich exceeded his statutory authority in reassessing the Taxpayers' property. The Indiana General Assembly has created an administrative procedure for the review and appeal of property tax assessments. IND.CODE § 6–1.1–15–1 to 15 (1993 & Supp.1996). If a taxpayer believes his assessment is erroneous, he must file a petition with the county auditor, requesting a review of the assessment by the County Board of Review. IC 6–1.1–15–1. The County Board of Review must then conduct a hearing. IC 6–1.1–15–2.1. Should the County Board of Review's decision prove unfavorable, the taxpayer may then appeal its decision to the State Board of Tax Commissioners, IC 6–1.1–15–3, which also must conduct a hearing. IC 6–1.1–15–4. If the taxpayer is dissatisfied with the State Board's decision, he may appeal to the Indiana Tax Court. IC 6–1.1–15–5(b).

Appellants concede that they did not follow this administrative path prior to filing their suit for mandamus, injunctive relief, and a declaratory judgment in the Lake Superior Court. Nonetheless, they argue that the Lake Superior Court had jurisdiction to consider their lawsuit.

■ First, Appellants argue that the legislature has conferred the Lake Superior Court with jurisdiction pursuant to IND.CODE § 33–4–4–3(a) (1993) and IND.CODE § 33–5–29.5–4(a)(1) (1993). These statutes collectively provide that the Lake Superior Court has "original jurisdiction in all civil cases … except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction." IC 33–4–4–3(a).[1] While the legislature has long conferred circuit courts with original jurisdiction over civil cases, *see* 1881 Ind. Acts ch. 24, § 3, Indiana courts have likewise long required litigants to exhaust their administrative remedies prior to availing themselves of the courts. *See, e.g. Austin Lakes Joint Venture v. Avon Utilities, Inc.*, 648 N.E.2d 641, 644 (Ind. 1995); *City of East Chicago v. Sinclair Refining Co.*, 232 Ind. 295, 111 N.E.2d 459, 464 (1953); *Senour v. Matchett*, 140 Ind. 636, 40 N.E. 122, 123 (1895). A party's failure to exhaust its administrative remedies creates a jurisdictional defect and makes a T.R. 12(B)(1) motion to dismiss for lack of subject

---

1. IC 33–4–4–3(a) defines the jurisdiction of Indiana circuit courts. IC 33–5–29.5–4(a)(1) provides that the Lake Superior Court has the same jurisdiction as the Lake Circuit Court in all civil cases.

matter jurisdiction appropriate. *Austin Lakes,* 648 N.E.2d at 645. Thus, Appellants' contention that IC 33–4–4–3(a) and IC 33–5–29.5–4(a)(1) provide the Lake Superior Court with jurisdiction is incorrect to the extent that Appellants have failed to exhaust their available administrative remedies.

Second, Appellants contend that a circuit court may enjoin the collection of an illegal tax despite a taxpayer's failure to exhaust his administrative remedies. Appellants cite *Croop v. Walton,* 199 Ind. 262, 157 N.E. 275 (1927), in support of their argument.[2] The plaintiff in *Croop* was granted an injunction against Elkhart County officials prohibiting them from collecting property taxes which the plaintiff alleged were illegally assessed. The plaintiff was not contesting the amount of his assessment; instead, he argued that his property was not subject to taxation at all. On appeal, the county officials argued that the plaintiff was required to pursue an exclusive statutory remedy, and that he could not collaterally attack, by seeking an injunction, the county's decision that his property was indeed taxable. The supreme court disagreed and held:

> If the ... property is subject to taxation and the amount assessed is erroneous, the taxpayer has 'the right to appeal' under the statute ... but, where the property is not subject to taxation, the assessment is void, and its collection can be restrained by injunction, regardless of the right to appeal.

*Id.* at 276, 157 N.E. 275. Appellants argue that *Croop* controls their case because they are appealing from what they characterize as an illegal assessment, not from an incorrect assessment amount.

◼ We disagree with Appellants' contention that *Croop* controls because we believe that the General Assembly has since expressed its intention that circuit and superior

courts be deprived of jurisdiction over challenges to property tax assessments. IC 33–4–4–3(a) provides that circuit courts lack jurisdiction where exclusive jurisdiction has been conferred upon other courts of the same territorial jurisdiction. This jurisdictional limitation also applies to the Lake Superior Court pursuant to IC 33–5–29.5–4(a)(1). The Indiana Tax Court has exclusive, statewide jurisdiction over any case that "arises under" the tax laws of Indiana and that is "an initial appeal of a final determination made by" either the Indiana Department of State Revenue or the State Board of Tax Commissioners. IND.CODE § 33–3–5–2 (1993); *State v. Sproles,* 672 N.E.2d 1353, 1356 (Ind.1996).

◼ The General Assembly created the tax court for the purpose of consolidating tax-related litigation in one court of expertise. *Sproles,* 672 N.E.2d at 1357. In an attempt to effectuate this legislative purpose, our supreme court has broadly construed the tax court's jurisdiction over tax-related cases. *Id.* In *Sproles,* our supreme court held that a case " 'arises under' the tax laws if: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves collection of a tax or defenses to that collection." *Id.* The present case involves Appellants' challenge to a local assessor's authority to conduct a reassessment. The case may be fairly characterized as one which principally involves the collection of the property tax since the collection of property taxes will ultimately be based upon these reassessments. Thus, we hold that Appellants' case "arises under" the tax laws.

The second requirement for the Indiana Tax Court to have exclusive jurisdiction over this case is that the tax appeal must be from a final determination of either the State Board of Tax Commissioners or the Indiana Department of State Revenue. IC 33–3–5–2;

---

2. Appellants also cite *Scott v. Abke,* 130 Ind.App. 199, 163 N.E.2d 257 (1960). In *Scott,* the plaintiff sought and was granted an injunction by a circuit court, which prevented the Sullivan County Treasurer from collecting real estate taxes on the plaintiff's oil and gas interests. The plaintiff argued that the Sullivan County Treasurer had no statutory authority to collect such a tax.

On review, this court held that "an increase in property tax not authorized by statute is illegal and may be enjoined by taxpayers who are adversely affected." *Id.,* 163 N.E.2d at 258. Despite Appellants' contention that this holding supports their position, we conclude that it does not. The facts of *Scott* do not discuss whether the taxpayer had administrative remedies available to him. Thus, *Scott* provides no discussion regarding the real issue in the present case: whether Appellants may seek an injunction in a circuit or superior court prior to pursuing and exhausting available administrative remedies.

*Sproles,* 672 N.E.2d at 1357. Here, the State Board has not entered a final determination because the Appellants never filed an appeal of the reassessments with the County Board of Review. Instead, they filed an action in Lake Superior Court. This presents the question of whether a taxpayer may avoid the tax court by filing an action in circuit or superior court before either the State Board or the Department of Revenue issues a final determination. Our supreme court considered the identical question in *Sproles* and held that a taxpayer could not avoid the Indiana Tax Court simply by filing an action in circuit court. *Sproles,* 672 N.E.2d at 1360.

Although the issue was identical, an important distinction exists between *Sproles* and the present case. In *Sproles,* our supreme court considered the issue in the context of a taxpayer protesting the assessment of a tax by the Department of Revenue. In holding that a taxpayer could only challenge a tax assessment via an appeal to the Department of Revenue and the tax court, our supreme court relied on its earlier holding in *State ex. rel. Indiana Dep't of State Revenue v. Marion Circuit Court,* 255 Ind. 501, 265 N.E.2d 241 (1971). *Marion Circuit Court* held that trial courts lack subject matter jurisdiction to issue injunctions in tax cases, but in so holding, it relied on a then-existing statute which specifically prohibited courts from enjoining the collection of the Indiana Gross Income Tax. *Sproles,* 672 N.E.2d at 1359 (citing *Marion Circuit Court,* 265 N.E.2d at 243).[3] Our supreme court's reliance on *Marion Circuit Court* in *Sproles* is important because we are unaware of any statute having been enacted since *Croop* specifically prohibiting trial courts from enjoining the collection or assessment of property taxes. Thus, our supreme court's holding in *Sproles* that taxpayers may not avoid the administrative process and the tax court by filing a lawsuit in circuit court is limited to those cases involving taxes administered by the Department of Revenue.

Nevertheless, we are convinced that the legislature intended that all taxpayer challenges to property tax assessments, regardless of the reason for the challenge, be decided by the tax court after the taxpayer has appealed to the County Board of Review and the State Board of Tax Commissioners. First, the legislature has indicated that the State Board of Tax Commissioners is responsible for interpreting Indiana's property tax laws and seeing "that all property tax assessments are made in the manner provided by law." IND.CODE § 6–1.1–35–1 (1993). Thus, Appellants' argument that the administrative process was not designed for taxpayers who wish to contest the legality of an assessment is incorrect.

Too, the legislature created the Indiana Tax Court for the purpose of consolidating tax-related litigation in one court of expertise. *Sproles,* 672 N.E.2d at 1357. This necessarily implies that the legislature intended to relieve county trial courts from the burden of handling tax litigation. These legislative intentions would be thoroughly defeated if taxpayers were permitted to avoid review by the State Board of Tax Commissioners and the Indiana Tax Court by filing an action in a circuit or superior court. Accordingly, we reject Appellants' contention that *Croop* allows them to seek an injunction in a circuit court prior to exhausting their administrative remedies. We hold that a taxpayer wishing to challenge the legality of a property tax assessment must pursue available administrative remedies, and after the State Board of Tax Commissioners issues a final determination, the taxpayer may then appeal to the Indiana Tax Court.

Next, Appellants argue that the Lake Superior Court has jurisdiction pursuant to an exception to the exhaustion of remedies doctrine. This exception provides that administrative remedies need not be exhausted where they are inadequate. *Sproles,* 672 N.E.2d at 1361 n. 19. Appellants

---

**3.** The anti-injunction statute relied on in *Marion Circuit Court* was later replaced by IND.CODE § 6–8.1–9–1 (Supp.1980), which prohibited courts from enjoining the collection of any "listed" taxes, not just the Indiana Gross Income Tax. *Sproles,* 672 N.E.2d at 1359. All "listed" taxes are administered by the Department of Revenue.

IND.CODE § 6–8.1–3–1 (1993). IC 6–8.1–9–1 was repealed in 1986 to allow the Indiana Tax Court to enjoin tax collections, but our supreme court relied on it as reaffirmation of the legislature's intent that the administrative process be a taxpayer's exclusive remedy. *Sproles,* 672 N.E.2d at 1359.

first contend that their administrative remedies were inadequate because the form they were required to file to initiate their appeal was designed to challenge an erroneous assessment, not to challenge the legality of an assessment. While we agree that Form 130 R–A is tailored to address a taxpayer's challenge to an erroneous property tax assessment, we disagree that it is inadequate for challenging the legality of an assessment. Page three of Form 130 R–A provides space for the taxpayer to "explain the reasons WHY [he] believe[s] the assessment is incorrect." Record at 475. A taxpayer may raise his argument concerning the illegality of an assessment in this section. In the event the County Board of Review were to deny the petition for being filled out incorrectly, the taxpayer could then appeal the legality of the assessment to the State Board of Tax Commissioners and ultimately to the tax court. Moreover, the taxpayer is not harmed by the length of time all of these appeals might take since he may refuse to pay taxes based upon a higher assessment until such time as he has exhausted all of his appeals. IC 6–1.1–15–10.

Appellants also contend that the Taxpayers' administrative remedies were inadequate because of their inability to obtain the forms necessary to initiate an appeal of Matonovich's reassessments. Appellants alleged in their complaint that "the regular process of obtaining forms from [Matonovich] has broken down." Record at 10. However, in opposing Matonovich's motion to dismiss, Appellants failed to argue to the trial court that this fact resulted in their administrative remedies being inadequate as a matter of law. A party may not raise an issue on appeal which was not first presented to the trial court. *Mitchell v. Stevenson,* 677 N.E.2d 551, 558 (Ind.Ct.App.1997), *trans. denied.* Further, Appellants raised this argument for the first time in their reply brief. A reply brief may not present new theories of appeal. *Ward v. State,* 567 N.E.2d 85 (Ind.1991). Accordingly, the issue is waived.

Finally, Appellants argue that their case should not have been dismissed because the Common Council is a party. Since the Council is not a taxpayer, the administrative procedures for challenging Matonovich's assessment do not apply to it. *See* IC 6–1.1–15–1 ("A *taxpayer* may obtain a review....") (Emphasis added.) Accordingly, the Appellants argue, the Lake Superior Court had jurisdiction since the Council had no administrative remedies to exhaust. Again, in opposing Matonovich's motion to dismiss, the Appellants failed to raise this argument to the trial court. Accordingly, it is waived on appeal. *Mitchell,* 677 N.E.2d at 558.

Affirmed.

GARRARD and RUCKER, JJ., concur.

**J.M., Appellant–Respondent,**