NISHIKAWA STANDARD COMPANY, Appellant–Defendant,

v.

Minh VAN PHAN, Appellee–Plaintiff.

No. 44A05–9806–CV–316.

Court of Appeals of Indiana.

Nov. 16, 1998.

Larry L. Barnard, James P. Buchholz, Miller Carson Boxberger & Murphy, L.L.P., Fort Wayne, for appellant-defendant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Nishikawa Standard Company ("Nishikawa") appeals the denial of its motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(b)(1). The sole issue presented is whether an Indiana trial court has subject matter jurisdiction under Indiana Code § 22–3–4–9 to enforce the award of a single hearing member when that award is pending on review before the full Worker's Compensation Board of Indiana (the "Board").

We reverse and remand with instructions.

### FACTS

In July of 1993, Minh Van Phan was injured while working for Nishikawa. He subsequently filed a claim against Nishikawa seeking relief in the form of worker's compensation benefits. In June of 1995, Van Phan and Nishikawa litigated the issue of liability before a single hearing member of the Board. On October 11, 1995, the single hearing member entered an award in favor of Van Phan.

Nishikawa then appealed the award to the full Board. However, prior to the Board's consideration of Nishikawa's appeal, Van Phan filed his Complaint on an Award of the Worker's Compensation Board in the La-Grange Superior Court. In the complaint, Van Phan sought to have the trial court enforce the award. Nishikawa responded by filing a motion to dismiss for lack of subject matter jurisdiction, which the trial court denied. Nishikawa now challenges the court's ruling in this interlocutory appeal brought pursuant to Indiana Appellate Rule 4(B)(6).

### DISCUSSION AND DECISION

We are asked to consider whether Indiana Code § 22–3–4–9 gives Indiana trial courts jurisdiction to enforce a worker's compensation award that is pending on review before the full Board. Nishikawa's jurisdictional claim presents a pure question of law. *See North Texas Steel Co. v. R.R. Donnelley & Sons Co.*, 679 N.E.2d 513, 519 (Ind.Ct.App. 1997) (while a trial court has discretion to find jurisdictional facts, the issue of jurisdiction is a question of law), *trans. denied.*

Indiana's Worker's Compensation Act (the "Act") serves as the exclusive remedy for an employee who sustains injuries by accident which arise out of and in the course of employment. IND.CODE § 22–3–2–6;[1] *Campbell v. Eckman/Freeman & Assocs.*, 670 N.E.2d 925, 929 (Ind.Ct.App.1996), *trans. denied.* However, the Act grants limited jurisdiction to trial courts. A trial court is authorized merely to enter the award of the Board

---

1. Indiana Code § 22–3–2–6 provides:
   The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5–2–6.1.

as its own judgment when it receives an application to do so under Indiana Code § 22–3–4–9. *Cox v. Worker's Compensation Bd. of Ind.*, 675 N.E.2d 1053, 1056 (Ind.1996). Specifically, Indiana Code § 22–3–4–9 provides:

> Upon order of the worker's compensation board made after five (5) days notice is given to the opposite party, *any party in interest may file in the circuit or superior court of the county in which the injury occurred a certified copy of the memorandum of agreement approved by the board, or of an order or decision of the board, or of an award of the full board unappealed from, or of an award of the full board affirmed upon appeal,* whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment had been·rendered in a suit duly heard and determined by said court.

(emphasis added). Indiana Code § 22–3–4–9 does not provide that trial courts may exercise jurisdiction over an award that is pending on review before the full Board.

▮▮▮ As a general rule, statutes are to be interpreted as a whole, and words are to be given their common and ordinary meaning. *Spaulding v. Int'l Bakers Serv.*, 550 N.E.2d 307, 309 (Ind.1990). Moreover, a statute should not be interpreted in such a manner so as to render any words, phrases or terms ineffective or meaningless. *Robinson v. Century Personnel, Inc.*, 678 N.E.2d 1268, 1270 (Ind.Ct.App.1997), *trans. denied.*

Indiana Code § 22–3–4–9 provides a list of orders and awards that may be presented to a trial court for entry of judgment. That list includes: (1) a certified copy of the memorandum of agreement approved by the Board, (2) an order or decision of the Board, (3) an award of the full Board unappealed from or (4) an award of the full Board affirmed upon appeal. IND.CODE § 22–3–4–9. The use of the phrases "an award of the full board unappealed from" and "an award of the full board affirmed on appeal" indicate that the legislature did not intend for trial

courts to exercise jurisdiction over worker's compensation awards that have not yet become final. *Id.* Further, the Act as a whole implies that a trial court's authority to transform the Board's award into a binding legal judgment does not exist unless and until the administrative remedies within the Act have been exhausted, i.e., when the Board has issued a final decision. *Cf. Austin Lakes Joint Venture v. Avon Utilities, Inc.*, 648 N.E.2d 641, 644 (Ind.1995) (Administrative Adjudication Act requires party to exhaust its administrative remedies before an agency prior to obtaining judicial review of that agency's decision).

For example, Indiana Code § 22–3–4–7 provides:

> If an application for review is made to the board within twenty (20) days from the date of the award made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence . . . and shall make an award. . . .

In addition, Indiana Code § 22–3–4–8 states that "[a]n award of the board by less than all of the members as provided in section 6 of this chapter, *if not reviewed as provided in section 7 of this chapter,* shall be final and conclusive." (emphasis added). Taken together, these sections of the Act demonstrate that a single hearing member's decision is both final and conclusive under Indiana Code § 22–3–4–8 [2] unless the decision is reviewed by the full Board. Where, as in this case, a party exercises its right to a review of the single hearing member's decision by the full Board under Indiana Code § 22–3–4–7, there is no final and conclusive decision or award until after the Board has completed its review. It follows that a trial court does not have jurisdiction over an award while it is pending on review before the full Board.

In sum, we conclude that in order for a party to seek enforcement of an award under Indiana Code § 22–3–4–9, regardless of whether the award was rendered by a single hearing member or the full Board, the award must be a final and conclusive determination. While review of a single hearing member's

---

**2.** Such a decision is also subject to the enforcement provisions of Indiana Code § 22–3–4–9.

award is pending before the full Board, a trial court lacks subject matter jurisdiction to enter a judgment under Indiana Code § 22–3–4–9 because the parties have not yet exhausted their administrative remedies under the Act. Accordingly, we ·reverse the trial court's denial of Nishikawa's Rule 12(b)(1) motion and instruct the court to dismiss the action.

Reversed and remanded with instructions.

FRIEDLANDER and MATTINGLY, JJ., concur.