**WARRICK COUNTY, INDIANA,**
Appellant–Respondent,

v.

**Orville W. WEBER and Eilene M. Weber, Appellees–Petitioners.**

No. 87A01–9808–CV–286.

Court of Appeals of Indiana.

July 6, 1999.

Terry A. White, Olsen, Labhart, White & Hambidge, Evansville, Indiana, Attorney for Appellant.

Mark E. Neff, Boonville, Indiana, Attorney for Appellees.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Petitioner Warrick County appeals the trial court's Order of Judgment in favor of Appellees–Respondents Orville and Eileen Weber ("the Webers") which dismissed the penalties assessed against the Webers for delinquent payment of taxes. We reverse.

### Issue

Warrick County challenges the trial court's dismissal of the penalties it assessed against the Webers' property for their delinquent payment of taxes. The Webers also raise several issues on appeal. However, we raise, *sua sponte,* the dispositive issue of whether the trial court had jurisdiction to dismiss the penalties assessed against the Webers once their property had been removed from the tax sale list.

### Facts/Procedural History

The undisputed facts are as follows. The case at bar was initiated on September 24, 1997, when the Treasurer of Warrick County advised the court that she would be filing an application for judgment and order for sale of certain real property within Warrick County, pursuant to IND.CODE § 6–1.1–24–4.6, upon which had remained delinquent, uncollected taxes and penalties. (R. 2). On September 11, 1997, a Notice of Tax Sale was sent to the Webers. (R. 16). The date of the proposed tax sale was October 28, 1997. (R. 12).

On October 7, 1997, the Webers filed an objection with the trial court regarding the sale of their real estate, pursuant to IND. CODE § 6–1.1–24–4.7(b), and requested the removal of their real estate from the tax sale list. (R. 3, 15). In support of their motion, the Webers submitted a copy of their latest tax duplicate which had been previously sent to the Warrick County auditor's office and which indicated their change of address. (R. 15).

A hearing was subsequently scheduled for October 15, 1997. At the hearing, the parties agreed, via joint stipulation, to temporarily remove the Webers' real estate from the tax sale list. (R. 3). All other matters were to be heard at a later date. (R. 3). On April 29, 1998, the trial court entered its Order of Judgment, following a hearing held on March 4, 1998, thereby ordering the removal of certain penalties which the Warrick County auditor had assessed against the Webers. Sometime prior to the trial court's Order of Judgment, the Webers paid all of the taxes which were due and payable in or before 1997. (R. 29). The following appeal ensued.

## Discussion and Decision

The dispositive issue is whether the trial court possessed the necessary power to act. More specifically, we must determine whether IND.CODE § 6–1.1–24–4.1 provides a procedural avenue for a party to obtain judicial review of the imposition of tax penalties once the property is removed from the tax sale list and prior to exhausting all available administrative remedies.

### I. Standard of Review

Subject matter jurisdiction concerns the power of the court to hear and to determine a general class of cases to which the proceedings before it belong. *Santiago v. Kilmer*, 605 N.E.2d 237, 239 (Ind.Ct.App. 1992). The lack of subject matter jurisdiction can be raised at any time; and, if the parties do not question it, the trial court or Court of Appeals is required to consider the issue *sua sponte*. *Albright v. Pyle*, 637 N.E.2d 1360, 1363 (Ind.Ct.App.1994). As this Court has previously stated, "a dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties." *Gorman v. Northeastern REMC*, 594 N.E.2d 843, 845 (Ind.Ct.App. 1992). Further, the issue of jurisdiction is a question of law. *Nishikawa Standard Co. v. Van Phan*, 703 N.E.2d 1058, 1059 (Ind.Ct. App.1998). Thus, because we are faced with a pure question of law, our review will be de novo. *Serletic v. Noel*, 700 N.E.2d 1159, 1162 (Ind.Ct.App.1998).

### II. Authority to Act

#### A. Authority of the Indiana Tax Court

Indiana courts have only such jurisdiction as is granted to them by our Constitution and statutes. *State v. Sproles*, 672 N.E.2d 1353, 1356 (Ind.1996). Further, "[c]ircuit courts have original jurisdiction in all civil cases *except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction.*" *Id.* (emphasis added) (citation and quotations omitted); IND.CODE § 33–4–4–3(a). "The Indiana Tax Court has exclusive, statewide jurisdiction over any case that 'arises under' the tax laws of Indiana and that is an initial appeal of a final determination made by either the Indiana Department of State Revenue or the State Board of Tax Commissioners." *Common Council of City of Hammond v. Matonovich*, 691 N.E.2d 1326, 1329 (Ind.Ct.App. 1998) (quotations omitted), *trans. denied.*

#### B. Administrative Remedies

It is well-established that, as a general matter, administrative remedies must be exhausted before an aggrieved party may seek recourse in the courts. *Sproles*, 672 N.E.2d at 1358. The rationale underlying this policy, of course, is that administrative bodies have specialized expertise and are thus better suited to adjudicate the dispute in the first instance. *Id.* Our supreme court has further explained that:

[A] lengthy body of decisional law dating back to 1971 has consistently held that administrative remedies must be exhausted before a taxpayer may seek judicial review. Put concisely, these cases hold that taxpayers' means of challenging the legality of a state tax are limited to those granted by statute. These statutory remedies have historically contained two components: 1) administrative review of the tax appeal within the Department; and 2) judicial review of the Department's decision. The relevant statutes have also provided that exhausting the administrative component is a prerequisite to judicial review. The Legislature transferred jurisdiction over tax cases from the circuit courts to the Tax Court in 1986, but the exhaustion requirement was unchanged. In light of

the policy underlying the creation of the Tax Court—to ensure uniformity in construction and application of the tax laws—the enabling statute's failure to declare more explicitly that statutory remedies are exclusive does not imply a remedy in a court of general jurisdiction. And once taxpayers are forced into administrative paths, the only court for review of the issue is the Tax Court.

*Id.* Additionally, we note that, according to IND.CODE § 6–1.1–30–14(2), the State Board of Tax Commissioners "[s]hall see that the penalties prescribed under this article are enforced...."

### III. Analysis

▇▇▇ The General Assembly created the Indiana Tax Court for the purpose of consolidating tax-related litigation in one court of expertise. *Matonovich,* 691 N.E.2d at 1329. In an attempt to effectuate this legislative purpose, our supreme court has broadly construed the Tax Court's jurisdiction over tax-related cases. *Id.* Accordingly, our supreme court has determined that a case "arises under" the tax laws if: (1) an Indiana tax statute creates the right of action; or (2) the case principally involves collection of a tax or defense to that collection. *Id.*

▇▇▇ The present case involves the imposition of a penalty due to the delinquent payment of taxes.[1] Moreover, this case may be fairly characterized as one which principally involves the collection of a property tax because the imposition of the penalties at issue here were ultimately based upon Warrick County's inability to collect the assessed property tax. We therefore conclude that the case at bar "arises under" Indiana's tax laws. Further, because this case arose under Indiana's tax laws, the parties were obligated to exhaust all administrative remedies prior to seeking judicial review, absent statutory authority to the contrary. *See Sproles,* 672 N.E.2d at 1358 (stating that administrative remedies must be exhausted before an aggrieved party may seek recourse in the courts).

The record shows that the Webers filed an objection with the trial court regarding the sale of their real estate and a hearing was set prior to the proposed tax sale pursuant to IND.CODE § 6–1.1–24–4.7. This statute provides in pertinent part as follows:

> (b) Not later than seven (7) days before the advertised date of the tax sale, the court shall conduct a hearing. At the hearing, the court shall hear any defense offered by any person interested in any of the tracts or items of real property to the entry of judgment against them, hear and determine the matter in a summary manner, without pleadings, and enter its judgment....
>
> (c) If the judgment is entered in favor of the respondent under these proceedings ..., the court shall remove those tracts, part of tracts, or items of real property from the list....

*Id.*

▇▇▇ A plain reading of this statute indicates that property which has been placed on the tax sale list can be removed upon order of the trial court. However, the trial court's jurisdiction under IND.CODE § 6–1.1–24–4.7(c) is limited to this determination and cannot be expanded in an effort to bypass the avenue established by the legislature for dealing with tax assessments. We therefore conclude that once the Webers' property was removed from the pending tax sale list, the trial court did not possess the requisite subject matter jurisdiction to act in removing the assessed penalties. Instead, the parties were required to exhaust their administrative remedies, which they did not do, prior to seeking judicial review. *See Centrium Group v. State Bd. of Tax Comm'rs,* 599 N.E.2d 242 (Ind.Tax 1992) (illustrating taxpayers appeal of county auditor's assessment of penalties by filing a Motion to Correct Errors with the Indiana Tax Court pursuant to IND. ADMIN. CODE tit. 50, r. 4.2–3–12). Accordingly, we reverse the

---

1. IND.CODE § 6–1.1–37–10(a) authorizes the assessment of penalties as follows: "If an installment of property taxes is not completely paid on or before the due date, a penalty equal to ten percent (10%) of the amount of delinquent taxes shall be added to the unpaid portion in the year of the initial delinquency...."

decision of the trial court which removed the penalties assessed against the Webers' property.

Reversed.

FRIEDLANDER, J., and STATON, J., concur.