

FILED

May 27 2020, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS JANIE
GIVENS, M.G., AND S.G.

Scott A. Norrick
Anderson, Indiana

ATTORNEY FOR APPELLANT B.K.

Christopher Gilley
Anderson, Indiana

APPELLANT PRO SE

James H. Kindred
Solsberry, Indiana

ATTORNEYS FOR APPELLEE
SUELLA FERRAND

John R. McKay
Samantha Paul
Hickam & Lorenz, P.C.
Spencer, Indiana

ATTORNEY FOR APPELLEE MINDY
HUGHES

Megan J. Schueler
Ferguson Law
Bloomington, Indiana

ATTORNEY FOR APPELLEE
ESTACHIA EBERLE

Jeremy M. Dilts
Carson LLP
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James H. Kindred, Individually and on behalf of the Minor Child B.K., and Janie Givens, Individually and on the behalf of the Minor Children M.G. and S.G.,

*Appellants-Petitioners,*

v.

The Indiana Department of Child Services, Charlotte Church, Stacy Zehr, Laura Fair, Sonja Seymour, Rebel Rich, Troy Givens,[1] Bradley Givens, Estachia Eberle, Suella Ferrand, and Mindy Hughes,

*Appellees-Defendants*

May 27, 2020

Court of Appeals Case No. 19A-PL-2428

Appeal from the Owen Circuit Court

The Honorable Erik Allen, Special Judge

Trial Court Cause No. 60C02-1803-PL-115

**May, Judge.**

[1] James H. Kindred ("Kindred"), individually and on behalf of child B.K., and Janie Givens ("Janie"), individually and on the behalf of children M.G. and S.G., (collectively, "Appellants") appeal the trial court's May 23, 2019, order

---

[1] This appeal concerns the trial court's denial of Appellants' motions with regards to Bradley Givens, Estachia Eberle, Suella Ferrand, and Mindy Hughes. However, a party of record at trial is a party on appeal and thus we include the names of the other defendants here. *See* Indiana Appellate Rule 17(A) ("A party of record in the trial court . . . shall be a party on appeal.").

addressing several different pending motions in this case. Appellants present multiple issues for our review, though we *sua sponte* conclude the order before us is not a final judgment, despite the trial court's certification of it as such. Accordingly, we dismiss Appellants' appeal and remand for further proceedings.

# Facts and Procedural History[2]

[2] On March 22, 2018, Kindred filed a lawsuit under case number 60C02-1803-PL-115 ("PL-115") claiming defamation *per se* against Charlotte Church ("Church"), an employee at the Department of Child Services ("DCS"),[3] and Rebel Rich ("Rich"), who is the adult child of Janie's ex-husband, Troy. Kindred also filed a motion for change of judge with his initial pleading. On April 9, 2018, Kindred amended his complaint to join Janie, M.G. and S.G.,[4] and B.K.[5] as plaintiffs. His amended complaint also added defendants DCS;

---

[2] Appellants filed an appendix with nine volumes of information in this case. While we appreciate the thoroughness of counsel in presenting the record, Appellants' citations thereto in their brief and reply briefs are frequently incorrect. With such a large record, the incorrect citations to the record have significantly hindered this court's review of this matter. In addition, Appellants included information outside the record pertaining to a third case filed by Kindred, 60C02-1810-PL-482. We remind counsel that the record on appeal should include only those documents relevant to the proceedings and within the trial court's record for the case before us. *See* Ind. App. R. 50(A)(1) (appendix should contain "those parts of the record on appeal that are necessary for the Court to decide the issues presented"); *and see* Ind. App. R. 27 (the "record on appeal" consists of the clerk's record and all proceedings before the trial court in the matter before us). We admonish counsel to be more diligent in the preparation of the appellate record in the future.

[3] All DCS employees were represented by DCS counsel throughout all of the proceedings.

[4] M.G. and S.G. were minors, and Janie was named as a plaintiff on their behalf. The record suggests that M.G. is Janie's granddaughter and S.G. is Janie's daughter.

[5] B.K. was a minor, and Kindred acted on his behalf.

Laura Fair ("Fair"), a DCS employee; Sonja Seymour ("Seymour"), a DCS employee; and Troy Givens ("Troy"), Janie's ex-husband.

[3]  On September 26, 2018, the trial court in PL-115 consolidated 60C02-1803-PL-205, a case Kindred filed in May 2018 against some of the same defendants, into PL-115. In its order, the trial court required all future pleadings to be filed under PL-115. On September 28, 2018, Kindred filed an objection to the trial court's order of consolidation and a motion for leave to amend the PL-115 complaint, which was denied on October 2, 2018.

[4]  Appellants filed an amended complaint on October 26, 2018, and added defendants Mindy Hughes ("Hughes"), Kindred's ex-wife; Estachia Eberle ("Eberle"), Hughes' daughter; Bradley Givens ("Bradey"), Janie's son; and Sheila Ferrand[6] ("Ferrand"), Kindred's niece. The amended complaint alleged the defendants, either individually or in concert, violated Appellants' rights under 42 U.S.C. section 1983 and 18 U.S.C. section 241; committed several conspiracies, false reporting, false arrest and imprisonment, intentional infliction of emotional distress, false light, and defamation per se; and violated Appellants' "fundamental right to familial right to association and privacy[.]" (Appellants' App. Vol. VIII at 93) (formatting omitted). On December 3, 2018, Appellants filed individual motions for default judgment against Bradley,

---

[6] Ferrand is also referred to as Sheila Kindred in some pleadings.

Hughes, Eberle, and Ferrand. On the same day, Appellants filed a motion for judgment on the pleadings.

[5] On February 15, 2019, the trial court issued an order denying all pending motions to dismiss filed by several parties in the interim and various motions unrelated to this appeal. Regarding Appellants' motions for judgment on the pleadings and motions for default judgment, the trial court decided:

> Plaintiffs' Joint Motion for Judgment on the Pleadings and any Plaintiffs' Motion for Entry of Default Judgement are hereby denied as to separate Defendants Indiana Department of Child Services, Charlotte Church, Stacy Zehr, Laura Fair, Sonja Seymour, and Fawn Miller, in both their individual and official capacities. The Joint Motion for Judgment on the Pleadings if [sic] further denied as to separate Defendants Rebel Rich and Troy Givens. Each of these Defendants to now given to and including March 15, 2019 to answer or otherwise respond to Plaintiffs' Joinder of Defendant Party's, [sic] Amended Complaint with Supplemental Claims filed October 26, 2018.
>
> The Joint Motion for Judgment on the Pleadings as it relates to the remaining Defendants and Plaintiffs' Motions for Default Judgment related to Brad Givens, Mindy Hughes, Suella Ferrand, and Estachia Eberle are now set for hearing on March 15, 2019 at 10:30 a.m. These Defendants are advised that a final judgment may be entered against them.

(*Id*. Vol. VI at 207.)

[6] On March 15, 2019, the trial court held a hearing as scheduled in its February 15, 2019, order. Appellants, DCS and its named defendant employees, Rich, Troy, Eberle, Ferrand, Bradley, and Hughes all appeared. The trial court heard

argument on the pending motion for judgment on the pleadings and default judgment and took those matters under advisement. The trial court scheduled a final pre-trial hearing for January 10, 2020, and a five-day jury trial to begin on February 3, 2020.

[7] On May 23, 2019, the trial court issued the order before us in this appeal. Therein, the trial court ordered:

> 1. The Motion for Judgment on the Pleadings has previously been denied as to certain Defendants, and the Court now denies the Plaintiffs' Motion for Judgment on the Pleadings as it related to all Defendant [sic], including separate Defendants Hughes, Eberle, Bradley Givens, and Ferrand.

> 2. The Court concludes that under the circumstances of this case that the matters shall be resolved on their merits as opposed to a default. The Plaintiffs' pending Motions for Default Judgment filed December 3, 2018 and the Plaintiffs' Motions for Default Judgment filed on May 13, 2019,[7] are all hereby denied.

> 3. Plaintiffs' Joint Motion to Strike Belated Answer of Defendant Ferrand is hereby denied, and separate Defendant Suella Ferrand's Answer filed on May 3, 2019 is hereby permitted and hereby accepted by the Court.

> 4. Attorney Megan J. Schueler, . . . is hereby appointed to represent separate Defendant Mindy Hughes.

---

[7] The defendants against whom Plaintiffs sought default judgment from in this motion is unclear from the record before us.

5. Attorney John Richards, . . . is hereby appointed to represent separate Defendant Bradley Givens.

6. Plaintiffs' Joint Motion to Strike Belated Answer of Defendants Hughes and Eberle is hereby denied. The general denials filed by Defendants Hughes and Eberle are permitted by the Court, subject to amendment upon appearance of counsel.

7. The Court is seeking to appoint counsel to represent separate Defendant Estachia Eberle. The Court will establish a time frame for filing or amending an Answer for such Defendant upon counsel being appointed. A separate order will be issued.

\* \* \* \* \*

9. <u>Attorneys Schueler and Richards shall promptly enter their Appearance and they shall have 30 days from the date of entry of their Appearance to file an Answer or otherwise respond to Plaintiffs' Complaint.</u>

(*Id*. Vol. V at 138-9) (emphasis in original) (footnote added).

[8] On May 24, 2019, Appellants filed a motion to certify the May 23 order for interlocutory appeal or, in the alternative, declare the May 23 order as a final judgment under Indiana Trial Rule 54. The parties continued to conduct discovery and filed various additional motions in the interim. On October 4, 2019, the trial court denied Appellants' motion to certify the May 23 order for interlocutory appeal but granted Appellants' request to declare its May 23 order a final judgment under Indiana Trial Rule 54, stating, "[t]he Court hereby

orders that there is no reason for delay and the May 23, 2019 order is a final judgment on the matters addressed therein." (Appellants' App. Vol. II at 193.)

# Discussion and Decision

[9] Subject matter jurisdiction concerns a court's ability to hear and decide a case based upon the class of cases to which it belongs. *Warrick County v. Weber*, 714 N.E.2d 685, 687 (Ind. Ct. App. 1999). Whether we have subject matter jurisdiction is an issue we should raise *sua sponte* if the parties do not. *Id*. As we have previously explained, "dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties." *Id*. (quoting *Gorman v. Northeastern REMC*, 594 N.E.2d 843, 845 (Ind. Ct. App. 1992), *decision clarified on denial of reh'g* 597 N.E.2d 366, *trans. denied*). Jurisdiction is a question of law that we review de novo. *Id.*

[10] Pursuant to Indiana Appellate Rule 5, our court has jurisdiction over appeals from "Final Judgments of Circuit, Superior, Probate, and County Courts[.]" Indiana Appellate Rule 2(H)(2) declares, in relevant part, that a judgment is considered a final judgment when "(2) the trial court in writing expressly determines under Trial Rule 54(B) . . . that there is no just reason for delay and in writing expressly directs the entry of judgment . . . under Trial Rule 54(B) as to fewer than all the claims or parties[.]" Indiana Trial Rule 54(B) states, in relevant part:

**(B) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . . A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment[.]

(Emphasis in original.)

[11]    Here, as noted in the facts, the trial court expressly determined there was "no reason for delay," (Appellants' App. Vol. II at 193), and declared the May 23, 2019, order a final judgment. However, we are not bound by the trial court's certification of the order as final. *Troyer v. Troyer*, 686 N.E.2d 421, 425 (Ind. Ct. App. 1997). We review the trial court's decision to certify an order as a final judgment for an abuse of discretion. *Ramco Industries, Inc. v. C & E Corp.*, 773 N.E.2d 284, 288 (Ind. Ct. App. 2002). To be properly certifiable as a final judgment, the trial court's order must "possess the requisite degree of finality, and must dispose of at least a single substantive claim." *Id*.

[12]    Appellants' October 26, 2018, amended complaint alleged all named defendants either individually or in concert violated Appellants' rights under 42 U.S.C. section 1983 and 18 U.S.C. section 241; committed several conspiracies, false reporting, false arrest and imprisonment, intentional infliction of

emotional distress, false light, and defamation per se; and violated Appellants' "fundamental right to familial right to association and privacy[.]" (Appellants' App. Vol. VIII at 93) (formatting omitted). The trial court's May 23, 2019, order addressed Appellants' motion for default judgement, motion for judgment on the pleadings, motion to strike, and motion to quash and requests by Hughes, Eberle, and Bradley for counsel. In denying all of Appellants' motions, the trial court concluded, "that under the circumstances of this case that the matters shall be resolved on their merits as opposed to default." (*Id.* Vol. V at 138.) Also in its order, the trial court appointed counsel for Hughes and Bradley, and ordered that counsel to file answers to the October 26, 2018, amended complaint within thirty days of the May 23, 2019. The trial court indicated it was seeking to appoint Eberle counsel and would appoint counsel and establish a time frame for that counsel to file an answer on Eberle's behalf in a future order.

[13] The directions for future action set forth by the trial court in its May 23, 2019, order signals the order "places the parties' rights in abeyance pending ultimate decision by the trier of fact." *Cardiology Assocs. of Nw. Ind., P.C. v. Collins*, 804 N.E.2d 151, 154 (Ind. Ct. App. 2004). Further, the order does not dispose of any of the many substantive claims in this case. Therefore, the trial court abused its discretion when it declared its May 23, 2019, order to be a final judgment because the order did not possess the requisite degree of finality or dispose of any of the substantive claims set forth in Appellants' October 26,

2018, amended complaint. [8] *See Hoesman v. Sheffler*, 886 N.E.2d 622, 635 (Ind. Ct. App. 2008) (trial court's order denying of the Hoesmans' motion to amend and motion to consolidate was not a final judgment despite the trial court's certification thereof under Indiana Trial Rule 54 because order did not dispose of any claims as to any parties).[9]

# Conclusion

[14] We conclude the trial court abused its discretion when it certified its May 23, 2019, order as a final judgment for the purposes of this appeal. Therefore, as the order is not final and the trial court denied Appellants' motion to certify the order for interlocutory appeal, we do not have jurisdiction over these proceedings. Accordingly, we dismiss and remand for further proceedings.

[15] Dismissed and remanded.

Crone, J., and Pyle, J., concur.

---

[8] Under Indiana Appellate Rule 2(H), another way we would have jurisdiction over the matter would be if we accepted it as a permissive interlocutory appeal. As the trial court denied Appellants' motion to certify its May 23, 2019, order as an interlocutory appeal, we cannot assert jurisdiction under that portion of the rule.

[9] We acknowledge that our Indiana Supreme Court has held that we may consider an untimely appeal on its merits at our discretion. *See In re D.J. v. Indiana Dep't of Child Servs.*, 68 N.E.3d 574, 579 (Ind. 2017) (appellate court can consider case on its merits despite the fact that the order presented for review was not a final judgment). Considering the complicated and sensitive nature of the claims herein, we decline to do so.