MARION COUNTY AUDITOR and
Marion County Treasurer,
Appellants–Petitioners,

v.

REVIVAL TEMPLE APOSTOLIC
CHURCH, Appellee–
Respondent,

and

The Huntington National Bank,
Appellee–Intervenor.

No. 49A02–0803–CV–230.

Court of Appeals of Indiana.

Dec. 24, 2008.

Transfer Denied April 2, 2009.

Jonathan L. Mayes, Nicole R. Kelsey, Office of Corporation Counsel, Indianapolis, IN, for Appellants.

Melissa J. Degroff, Hamish S. Cohen, E. Timothy Delaney, Barnes & Thornburg LLP Indianapolis, IN, for Appellee (Intervenor) Huntington National Bank.

## OPINION

VAIDIK, Judge.

### Case Summary

This case arises out of a church's failure to apply for a property tax exemption for several years and the Marion County Treasurer's and the Marion County Auditor's ("Marion County") repeated attempts to place the property on its tax sale list to collect the resulting delinquent taxes and fees. After Marion County sold a parcel of land owned by Revival Temple Apostolic Church ("Revival Temple") in a tax sale in 2005, Revival Temple repurchased the property with funds borrowed from Huntington National Bank ("Huntington Bank"). After the trial court granted a motion to set aside the tax sale in 2006, Marion County refused to refund the full repurchase price. Huntington Bank filed a contempt action against the county, alleging that Marion County willfully violated orders issued by the trial court in 2003 and 2004 that deemed the property ineligible for tax sale and willfully violated the trial court's 2006 order setting aside the tax sale by refusing to refund the repurchase price. The trial court found Marion County in contempt of all three orders, ordered it to refund the entire repurchase price, prohibited the county from placing the property on the tax sale list during future years, and awarded Huntington Bank attorney's fees and costs. On appeal, Marion County argues the trial court abused its discretion in finding it in contempt of the 2003 and 2004 orders because the orders did not unambiguously prohibit it from placing the property on the tax sale list in the future. Marion County also argues that the trial court abused its discretion in finding it in contempt of the 2006 order because the trial court lacked subject matter jurisdiction to order the refund of property taxes already paid. Fi-

nally, Marion County argues that the trial court lacked subject matter jurisdiction to prohibit it from placing Revival Temple's property on the Marion County tax sale list in all future years. We conclude that the trial court abused its discretion in finding Marion County in contempt of the 2003, 2004, and 2006 orders. Further, the trial court lacked subject matter jurisdiction to prohibit Marion County from placing Revival Temple's property on the Marion County tax sale list in future years. Finally, because we reverse each of the trial court's contempt findings, we reverse the award of costs and fees to Huntington Bank. The judgment of the trial court is reversed.

### Facts and Procedural History

Revival Temple acquired a parcel of land in Marion County, Indiana, in 1998.[1] When Revival Temple acquired the property, its previous owner, Phillips Temple CME, had an exemption from property taxes on file with Marion County. Appellants' App. p. 53. Although it, too, apparently would have qualified for a property tax exemption, *see* Ind.Code § 6–1.1–10–16, Revival Temple did not file an application in 2000, 2001, or 2002 for a property tax exemption pursuant to Indiana Code § 6–1.1–11–3, nor did it pay any property taxes. Appellants' App. p. 84–86.

Revival Temple finally filed an application for an exemption from property taxation in November 2002. *Id.* at 53. However, it did not pay its delinquent property taxes and fees. *Id.* at 53. By December 5, 2002, Revival Temple owed $54,459.66 in property taxes and delinquency penalties to Marion County. *Id.* at 86.

In 2003, Marion County initiated tax sale proceedings to recover the delinquent taxes owed. After Revival Temple filed a motion with the Marion County Circuit Court asking for the property to be removed from the tax sale list, the trial court granted the motion ("the 2003 order"), finding that Revival Temple had a "meritorious defense." *Id.* at 118.[2] By December 2003, due to growing delinquency penalties, Revival Temple owed $62,861.55 to Marion County. *Id.* at 87.

In 2004, after Revival Temple again failed to pay its delinquent property taxes and fees, Marion County once more placed the property on the county's tax sale list. In response, Revival Temple filed a motion with the Marion County Circuit Court "to dismiss [Marion County]'s Application for Judgment and Order for Sale of real estate parcel 1075277 due to the legal doctrine of res judicata[.]" *Id.* at 116.[3] The trial court granted the motion and removed the property from the 2004 Marion County tax sale list ("the 2004 order"). *Id.* Notwithstanding its removal from the county's 2004 tax sale list, because Revival Temple had not yet paid its delinquent property taxes and fees, by December 2004 Revival

---

1. The land is identified in the record as Parcel 1075277. *See* Appellants' App. p. 47.

2. In its Appellant's Brief, Marion County cites a 2006 filing by Revival Temple as evidence of the substance of the 2003 motion. Appellants' Br. p. 4 (citing Appellant's App. p. 49). However, neither the motion filed by Revival Temple in 2003 nor the trial court's 2003 order (if one exists) granting relief to Revival Temple are included in the record. Instead, we glean the substance of the motion and the order from a page of handwritten "MINUTES OF THE COURT" included in the Appellant's Appendix. Appellant's App. p. 118. On appeal, both parties treat these notes as the 2003 order. Appellants' Br. p. 10–11; Appellee's Br. p. 5.

3. The parties have not included a copy of this motion in the record, and, therefore, our knowledge of its contents is limited to the description provided by the trial court's order on the motion. Appellants' App. p. 116.

Temple owed $71,452.94 to Marion County. *Id.* at 88.

Again, in 2005, Marion County placed Revival Temple's real property on the Marion County tax sale list due to its outstanding delinquent taxes and fees, which by late 2005 totaled $75,658.47. *Id.* at 89. Revival Temple did not seek removal from the 2005 tax sale list, and the property was sold at a tax sale on October 6, 2005. *Id.* at 54. Revival Temple repurchased the property for $87,254.49, using a $90,000 line of credit from Huntington Bank issued for the sole purpose of redeeming the property. *Id.* at 73. Revival Temple later assigned its interest in a refund of the repurchase price to Huntington Bank. *Id.* Revival Temple filed a motion to set aside the tax sale, which it later amended. *Id.* at 51–52. In its amended motion, Revival Temple argued that because "[t]he property was, and has always been, a church, not subject to property taxation[,]" and because the Marion Court Circuit Court had previously determined that "the property should be removed from the tax sale list" since an "exemption application was not required and/or the church was not properly notified that it had to file an exemption[,]" the court should set aside the tax sale and "permanently bar[ ] [Marion County] from placing the property on the tax sale list until the defenses have been resolved[.]" *Id.* Marion County responded, contending that it properly assessed property taxes and penalties against Revival Temple during the years before Revival Temple filed an application for an exemption. *Id.* at 53–54. Additionally, Marion County argued that the trial court's earlier orders removing the property from the tax sale list did not preclude the 2005 tax sale because the previous orders dealt only with removing the property from tax sale lists on particular years. *Id.* at 54. Following a hearing, the trial court issued an order ("the 2006 order") granting Revival Temple's motion to set aside the tax sale:

> The tax sale on October 6, 2005 of Parcel 1075277 ... is void ab initio due to the principles of Res Judicata. IT IS FURTHER ORDERED that the property, Revival Temple Apostolic Church, shall not be placed on the tax sale list in the future for reasons that have already been adjudicated by this Court.

*Id.* at 57. Following this order, Revival Temple applied for a refund of the repurchase price. *Id.* at 59. Marion County apparently returned some funds to Revival Temple but refused to refund the portion of the repurchase price "which reflected the overdue property taxes and penalties." Appellants' Br. p. 7; *see also* Appellee's Br. p. 7. Since the 2006 order, Marion County has not placed Revival Temple's property on the tax sale list. Appellants' App. p. 78.

After Marion County refused to refund the full $87,254.49 repurchase price, Huntington Bank filed a motion asking the trial court to find Marion County in contempt of its 2003, 2004, and 2006 orders, to order the county to refund the repurchase price to Huntington Bank as the assignee of Revival Temple, to order the county to make no further attempts to place the property on the tax sale list, and to award Huntington Bank attorney's fees and costs. *Id.* at 72–75. After a hearing, the trial court issued an order ("the contempt order") granting Huntington Bank's motion in all respects. *Id.* at 104–105. Marion County now appeals.

### Discussion and Decision

Marion County appeals the trial court's order declaring it in contempt of the 2003, 2004, and 2006 orders and ordering the county to reimburse Revival Temple its repurchase price as well as pay sanctions of attorneys' fees and costs. We review a

judgment of contempt for an abuse of discretion. *In re Contempt of Wabash Valley Hosp., Inc.*, 827 N.E.2d 50, 61 (Ind.Ct.App. 2005). A court abuses its discretion when its decision is against the logic and effect of the evidence before it or is contrary to law. *Topolski v. Topolski*, 742 N.E.2d 991, 994 (Ind.Ct.App.2001), *reh'g denied.* When reviewing a contempt order, we neither reweigh the evidence nor judge the credibility of witnesses, and, unless after a review of the entire record we have a firm and definite belief a mistake has been made by the trial court, we will affirm the trial court's judgment. *Id.*

■ Civil contempt, which is at issue here, is a violation of a court order resulting in a proceeding for the benefit of the aggrieved party. *Nat'l Educ. Ass'n—South Bend v. South Bend Cmty. Sch. Corp.*, 655 N.E.2d 516, 522 (Ind.Ct.App. 1995) (citing *Duemling v. Fort Wayne Cmty. Concerts, Inc.*, 243 Ind. 521, 188 N.E.2d 274, 276 (1963)). "In order to be punished for contempt of a court's order, there must be an order commanding the accused to do or refrain from doing something." *Topolski*, 742 N.E.2d at 994 (quotation omitted). "The order must have been so clear and certain that there could be no question as to what the party must do, or not do, and so there could be no question regarding whether the order is violated." *City of Gary v. Major*, 822 N.E.2d 165, 170 (Ind.2005). "A party may not be held in contempt for failing to comply with an ambiguous or indefinite order." *Id.* In order to hold a party in contempt for a violation of a court order, the trial court must find that the party willfully disobeyed the order. *Topolski*, 742 N.E.2d at 994. Further, the law in this State is well-settled that "a person cannot be held in contempt of court for failure to obey an order if the issuing court had no jurisdiction to give the order" because the

order is void and unenforceable. *Major*, 822 N.E.2d at 169 (citing *State ex rel. Leffingwell v. Super. Ct. No. 2 of Grant County*, 262 Ind. 574, 321 N.E.2d 568, 569 (1974); *State ex rel. Taylor v. Circuit Ct. of Marion County*, 240 Ind. 94, 162 N.E.2d 90, 92 (1959)). We determine whether a trial court had subject matter jurisdiction over a matter under a *de novo* standard of review because whether a court has subject matter jurisdiction is a question of law. *Warrick County v. Weber*, 714 N.E.2d 685, 687 (Ind.Ct.App.1999).

Marion County argues the trial court abused its discretion in finding it in contempt of the trial court's 2003 and 2004 orders because the 2003 and 2004 orders did not unambiguously prohibit it from placing the property on the tax sale list in the future. Marion County also argues that the trial court abused its discretion in finding it in contempt of the 2006 order because the trial court lacked subject matter jurisdiction to order a refund of property taxes already paid. Finally, Marion County argues that the trial court lacked subject matter jurisdiction to prohibit it from placing Revival Temple's property on the Marion County tax sale list in all future years.

### I. The 2003 Order

■ In 2003, Revival Temple filed a motion asking the trial court to remove its property from the 2003 Marion County tax sale list. In response, the trial court made the following notations: "Petitioners Revival Temple Apostolic Church motion to remove the property from tax sale list is granted[.] Property ordered removed from tax sale list because petitioner has a meritorious defense." Appellants' App. p. 118. Because neither a copy of Revival Temple's 2003 motion nor a transcript of any hearing on the motion has been included in the record, we cannot know what specific defenses Revival Temple raised to

the tax sale. However, the plain and unambiguous language of the document that the parties provide to us as evidence of the content of the 2003 order evidences that the only relief granted by the 2003 order was removal of the property from the 2003 tax sale list. Despite the trial court's further notation that Revival Temple had a "meritorious defense," the language of the order does not clarify what that means—for example, whether the court found that Revival Temple was entitled to retroactive application of its property tax exemption (and therefore had no outstanding tax liability) or whether the court merely found that Revival Temple would likely receive such relief once it directly challenged its outstanding tax liability.[4] In the former case, the 2003 order would prohibit inclusion of the property on the county's future tax sale lists absent a change of circumstances, while, in the latter, the order might have a more limited scope to grant Revival Temple time to seek such relief. Thus, the trial court's 2003 order was not "so clear and certain that there could be no question as to what the party must do, or not do[.]" *Major*, 822 N.E.2d at 170. When Marion County placed the property on its tax sale list again in 2004 and 2005, therefore, it did not willfully disobey the trial court's 2003 order. We find that the 2003 order was insufficiently clear as to unambiguously notify Marion County that the trial court intended to prohibit it from placing the property on its tax sale list in future years. Thus, the trial court abused its discretion in finding Marion County in contempt of the 2003 order.

## II. The 2004 Order

■ In 2004, the trial court again ordered that Revival Temple's property be

4. Indeed, there is ambiguity in the broader record about what the trial court meant by "meritorious defense." In a 2006 filing to the trial court, Revival Temple characterized the trial court's conclusion as follows: "The court concluded that ... there was an *unresolved* defense." Appellants' App. p. 52 (emphasis added). Revival Temple then asked for the following relief, in part: "That [Marion County] be permanently barred from placing the property on the tax sale list *until the defenses have been resolved.*" *Id.* (emphasis added). Later, during a 2008 hearing on Huntington Bank's contempt motion, the trial court recounted:

> Based on the issues presented to this court, those issues were that as I recall, because I was the judge in that case, the issues that were heard at that time and the facts that were presented was that this church had applied for an exemption, only they didn't know they had to apply for one the first time because they bought this from a church, another church that had an exemption. I found at that time that the church's position prevailed, and the County's position did not prevail, and the county didn't appeal that ruling.

Tr. p. 11. We observe that it is unclear whether Revival Temple's ignorance of the requirement to apply for a property tax exemption over a period of three years would justify removal from the tax sale list. *See* Ind.Code § 6–1.1–11–1 ("An exemption is a privilege which may be waived by a person who owns tangible property that would qualify for the exemption. If the owner does not comply with the statutory procedures for obtaining an exemption, he waives the exemption. If the exemption is waived, the property is subject to taxation."); Ind.Code § 6–1.1–11–4(d) (providing that if title to real property designated for a religious purpose for which someone previously properly filed an exemption application changes, another exemption application must be filed to maintain the exemption); Ind.Code § 6–1.1–24–1.2 (providing, subject to an inapplicable exception, that property may only be removed from the tax sale list after "all delinquent taxes, special assessments, penalties due on the delinquency, interest, and costs directly attributable to the tax sale have been paid in full"); *but see* Ind.Code § 6–1.1–24–4.7(c) (allowing a trial court to remove a parcel of land from a tax sale list because of "an unresolved objection"). However, Marion County did not appeal the trial court's orders removing the property from the 2003 and 2004 tax sale lists.

removed from Marion County's tax sale list for that particular year. Appellant's App. p. 116. This time, the trial court explained, "[Marion County]'s Application for Judgment and Order for Sale is dismissed due to the legal doctrine of res judicata, and ... Revival Church's real estate parcel 1075277 ... is hereby ordered to be removed from the 2004 Marion County tax sale list." *Id.*

Challenging the trial court's finding that it was in contempt of this order for placing the property on the tax sale list again in 2005, Marion County argues that the 2004 order did nothing more than remove the property from the 2004 tax sale list. In response, Huntington Bank claims that the 2004 order "unambiguous[ly] ... settled any doubt that the 2003 Order had finally adjudicated the rights of the County to sell the Property at tax sale for the 2000–2002 tax liability." Appellee's Br. p. 6.

We agree with Marion County. By the plain language of the 2004 order, the only relief granted to Revival Temple was removal of its property from the 2004 tax sale list. Appellant's App. p. 116. To the extent that the trial court intended to permanently adjudicate the property's eligibility for tax sale by basing its judgment on the doctrine of res judicata, its order was simply too ambiguously worded to alert Marion County of this restriction.[5] Thus, the trial court abused its discretion by finding Marion County in contempt of the 2004 order. *Major,* 822 N.E.2d at 170.

### III. The 2006 Order

■ Marion County next argues that the trial court abused its discretion in finding it in contempt of the 2006 order, which provided:

> The tax sale on October 6, 2005 of Parcel 1075277 ... is void ab initio due to the principles of Res Judicata. IT IS FURTHER ORDERED that the property, Revival Temple Apostolic Church, shall not be placed on the tax sale list in the future for reasons that have already been adjudicated by this Court.

Appellant's App. p. 57. The trial court found Marion County in contempt of this order for its failure to treat the 2005 tax sale of Revival Temple's property as void *ab initio* and to therefore refund the property's repurchase price to Huntington Bank as the assignee of Revival Temple. *Id.* at 104. Marion County lodges two arguments regarding the 2006 order: (1) that "the 2006 Order never required refunding of past taxes paid" and (2) that the trial court lacked subject matter jurisdiction to refund property taxes paid. Appellant's Br. p. 12, 15.

Marion County's first argument is without merit. The trial court's declaration that the tax sale was void *ab initio* clearly intended to require Marion County to refund the repurchase price of the property. The term "void *ab initio*" means, literally, "void from the beginning" and "denotes an act or action that never had any legal existence at all because of some infirmity in the action or process." *Trook v. Lafayette Bank & Trust Co.,* 581 N.E.2d 941, 944 (Ind.Ct.App.1991), *trans. denied.* Thus, the trial court intended to reinstate the property rights enjoyed by Revival Temple before the tax sale, as though the tax sale never occurred, and it is apparent

---

5. In a portion of its Reply Brief dealing with the doctrine of res judicata, Marion County has impermissibly cited a case upon which it may not properly rely. It cites *Miller Brewing Co. v. Indiana Department of Revenue,* 867 N.E.2d 713, 2007 WL 1667128 (Ind.Tax 2007), a not-for-publication order from the Indiana Tax Court. *See* Ind. Tax Court Rule 17. We remind counsel for Marion County to refrain from citing unpublished opinions in future appeals.

that it intended to require Marion County to refund the repurchase price.

The question becomes, however, whether the trial court had subject matter jurisdiction to order this refund. "Subject matter jurisdiction is the power of the court to hear and decide a particular class of cases." *State Bd. of Tax Comm'rs v. Ispat Inland, Inc.*, 784 N.E.2d 477, 480–81 (Ind.2003). As our Supreme Court has observed, "Indiana courts have only such jurisdiction as is granted to them by our Constitution and statutes." *State v. Sproles*, 672 N.E.2d 1353, 1356 (Ind.1996) (quotation omitted).

"In an effort to channel tax disputes to a specialized tribunal, the Indiana Legislature created the Tax Court in 1986." *Id.* at 1356. "The General Assembly created the Indiana Tax Court for the purpose of consolidating tax-related litigation in one court of expertise." *Weber*, 714 N.E.2d at 688. The two general prerequisites to the Tax Court acquiring exclusive subject matter jurisdiction over a case are that the case must "arise[ ] under the tax laws of Indiana" and that there is a "final determination" made by a relevant agency. Ind.Code § 33–26–3–1.

For purposes of determining whether the Indiana Tax Court has exclusive jurisdiction, a case "arises under" the tax laws if: 1) an Indiana tax statute creates the right of action or 2) the case principally involves collection of a tax or defenses to that collection. *Wayne Twp. v. Ind. Dep't of Local Gov't Fin.*, 865 N.E.2d 625, 628 (Ind.Ct.App.2007) (citing *Sproles*, 672 N.E.2d at 1357), *reaff'd on reh'g*, 869 N.E.2d 531, 532 (Ind.Ct.App. 2007), *trans. denied.* Because this case centers upon Marion County's collection of property taxes from Revival Temple, there is no question that this case "arises under" the tax laws of this state.

Regarding the second requirement for Indiana Tax Court jurisdiction— that there is a "final determination" made by a relevant agency—a "final determination" is "an order that determines the rights of, or imposes obligations on, the parties as a consummation of the administrative process." *Wayne Twp.*, 865 N.E.2d at 628 (citing *Ispat Inland*, 784 N.E.2d at 481). "This final determination' requirement essentially amounts to the principle, basic to all administrative law, that a party seeking judicial relief from agency action generally must first establish that all administrative remedies have been exhausted." *Id.* A party cannot, however, circumvent the "final determination" requirement basis for the Indiana Tax Court's exclusive jurisdiction over tax appeals by filing an action in a trial court instead of with the relevant administrative agency. *Id.* (citing *Sproles*, 672 N.E.2d at 1358); *Title Servs., LLC v. Womacks*, 848 N.E.2d 1151, 1155 (Ind.Ct.App.2006). The "[f]ailure to exhaust administrative remedies is a defect in subject matter jurisdiction[,]" *Wayne Twp.*, 865 N.E.2d at 628 (quoting *State ex rel. Att'y Gen. v. Lake Superior Court*, 820 N.E.2d 1240, 1247 (Ind.2005)), and we have previously determined that the lack of a "final determination" by a tax-related agency, which is equivalent to a failure to exhaust administrative remedies, "does not mean that a trial court ... has subject matter jurisdiction to consider the merits of the case," *id.* at 628–29.

Indiana Code chapter 6–1.1–26 provides a statutory mechanism by which a party may request a refund of a property tax that has already been paid. This framework requires that a party seeking the refund file the claim with the county auditor. Ind.Code § 6–1.1–26–1(1). · The claim for a refund is then reviewed by the department of local government finance, the county board of commissioners, or the

Indiana Board of Tax Review, from which it may be appealed and reviewed in the Indiana Tax Court. Ind.Code §§ 6–1.1–26–2 to –4. Indiana Code § 6–1.1–26–5 provides that a claim for a refund may be "allowed either by the county board of commissioners, the department of local government finance, the Indiana board, or the Indiana tax court on appeal[.]" Because the statutorily prescribed mechanism for filing a claim for a refund of property taxes already paid is through administrative proceedings that the Legislature has provided may end with judicial review by the Indiana Tax Court, the trial court lacked subject matter jurisdiction to order a refund.

■ Nonetheless, Huntington Bank argues that it was not required to exhaust its administrative remedies because "no administrative remedies exist to provide the relief sought by Huntington." Appellee's Br. p. 11. Huntington Bank contends that it has no standing to pursue a refund of the repurchase price through tax-related administrative agencies. We disagree. Indiana Code § 6–1.1–26–1 expressly provides that "[a] person, or his heirs, personal representative, or successors, may file a claim for the refund of all or a portion of a tax installment which he has paid." (Emphasis added). Huntington Bank is the assignee, or successor, of Revival Temple's "entire interest in and ... any and all property tax refunds paid to or for the benefit of" Revival Temple, Appellants' App. p. 68, and it therefore has standing pursuant to Indiana Code § 6–1.1–26–1 to file a claim for a refund of the property taxes paid by the tax sale of Revival Temple's property.

We have concluded that the trial court lacked subject matter jurisdiction to order a refund of the property taxes paid by way of the tax sale of Revival Temple's property. Because a party "cannot be held in contempt of court for failure to obey an order if the issuing court had no jurisdiction to give the order[,]" the trial court abused its discretion in finding Marion County in contempt of the 2006 order. *Major*, 822 N.E.2d at 169. Having concluded that the trial court abused its discretion in finding Marion County in contempt of the 2003, 2004, and 2006 orders, we also conclude that the trial court's sanction in the form of awarding Huntington Bank attorneys' fees and costs must be reversed.

## IV. Prohibition of Property's Placement on Tax List in Future Years

■ Finally, Marion County argues that the trial court lacked subject matter jurisdiction to include the following provision in the contempt order: Marion County "shall make no further attempts to place the Property on the tax sale [list] during Revival Temple's ownership of the property." Appellants' App. p. 105. Marion County contends that this was an improper adjudication of the "issues relating to the underlying imposition of taxes and penalties on that property which led to the tax sale." Appellants' Br. p. 16. Huntington Bank argues that because the trial court had the authority to remove the property from the tax sale list pursuant to Indiana Code § 6–1.1–24–4.7, it had subject matter jurisdiction to enter an order finding the property ineligible for tax sale. Appellee's Br. p. 9–10.

In order to remove the property from future tax sale lists, the trial court had to find that Revival Temple had paid in full "all delinquent taxes, special assessments, penalties due on the delinquency, interest, and costs directly attributable to the tax sale...." I.C. § 6–1.1–24–1.2. The trial court was obligated to "hear any defense" to the tax sale raised by an interested party, Ind.Code § 6–1.1–24–4.7(b), but our

statutory language is clear that if real property other than vacant or abandoned property has outstanding property taxes from a previous year's spring installment or earlier, that property will be placed on its county's tax sale list, Ind.Code § 6–1.1–24–1(a), and will remain there and be eligible for tax sale unless the tax liability is paid in full, I.C. § 6–1.1–24–1(b), (c). Thus, by prohibiting Marion County from placing Revival Temple's property on the tax sale list permanently, or, in other words, finding the property ineligible for tax sale, the trial court effectively granted Revival Temple a retroactive exemption for the years 2000 through 2002 and determined that Revival Temple had no outstanding property tax-related liability.

The trial court did not have subject matter jurisdiction to grant an exemption retroactively and eliminate Revival Temple's underlying property tax liability. Any challenge to Revival Temple's non-exempt status during the years 2000 through 2002 and any attempt to retroactively obtain an exemption for those years cannot be brought in our state's trial courts. Instead, the appropriate channel for review of such a claim is to raise it before the county property tax assessment board of appeals, then to the Indiana Board of Tax Review, and then to the Indiana Tax Court. Ind.Code §§ 6–1.1–11–7(c) (providing that exemption applications are approved or disapproved by the county property tax assessment board of appeals and that property owners then have the option of petitioning the Indiana Board of Tax Review to review the determination); 33–26–3–1 (providing that "[t]he tax court has exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination made by: ... the Indiana board of tax review"); *see, e.g., Izaak Walton League of Am. v. Lake County Prop. Tax Assessment Bd. of Appeals,* 881 N.E.2d

737 (Ind.Tax 2008). Thus, the trial court acted outside of its powers by ordering Marion County to make no future attempts to place the property on the Marion County tax sale list. This order is void and unenforceable. *Major,* 822 N.E.2d at 169.

### Conclusion

The trial court abused its discretion in finding Marion County in contempt of the 2003, 2004, and 2006 orders. Further, the trial court lacked subject matter jurisdiction to prohibit Marion County from placing Revival Temple's property on the Marion County tax sale list in future years. Finally, because we reverse each of the trial court's contempt findings, we reverse the award of attorney's fees and costs to Huntington Bank.

Reversed.

KIRSCH, J., and CRONE, J., concur.