Brenda TRUEDELL–BELL,
Appellant–Petitioner,

v.

MARION COUNTY TREASURER
and Marion County Auditor,
Appellees–Respondents.

No. 49A04–1003–MI–215.

Court of Appeals of Indiana.

Dec. 9, 2010.

Evelyn Lecia Keaton, Indianapolis, IN, Attorney for Appellant.

Marc Pe–Caine Sultzer, Office of Corporation Counsel, Indianapolis, IN, Attorney for Appellees.

## OPINION

KIRSCH, Judge.

Brenda Truedell–Bell ("Truedell–Bell") appeals the trial court's denial of her petition for a preliminary injunction to remove her property from the property tax sale pending the outcome of her appeal for property tax reassessment. She raises one issue, which we restate as: whether the trial court had subject matter jurisdiction over Truedell–Bell's petition for a preliminary injunction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In July 2008, Truedell–Bell challenged the reassessment of her property taxes on three parcels she owned in Marion County by filing a tax appeal with the local official. The Marion County Property Tax Assessment Board of Appeals ("County Board") did not hold a hearing on the matter, and Truedell–Bell did not pay the placeholder tax liability ("placeholder") that is required by statute to keep the property out of a tax sale pending a tax appeal. The Marion County Treasurer and Auditor ("Marion County") therefore included Truedell–Bell's property in the 2009 tax sale for delinquent taxes, which was scheduled to occur on March 18, 2010.

On February 23, 2010, Truedell–Bell, pro se, filed a petition in Marion Circuit Court, requesting the removal of her property from the tax sale. After retaining counsel, Truedell–Bell filed a petition for preliminary injunction on March 8, 2010 to remove her property from the tax sale pending the outcome of her appeal for property reassessment. On March 10, 2010, a hearing was held on the petition for preliminary injunction. At this hearing, Truedell–Bell argued that her July 2008 tax appeal sought to reduce the amount of her tax assessment and possibly to have her property exempted from any property taxes altogether. *Tr.* at 6. She contended that injunctive relief by the Circuit Court to remove her property from the tax sale was necessary because the remedies available at law were inadequate. *Id.* The Circuit Court denied Truedell–Bell's petition. Truedell–Bell now appeals.

## DISCUSSION AND DECISION

If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. *Bellows v. Bd. of Comm'rs of County*

*of Elkhart,* 926 N.E.2d 96, 111 (Ind.Ct. App.2010) (citing *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001)). Therefore, we review the trial court's decision de novo, independently evaluating the question of law without deference to the trial court's determination. *Keenan v. Butler,* 869 N.E.2d 1284, 1287 (Ind.Ct.App.2007).

Truedell–Bell argues that the trial court erred when it denied her petition for a preliminary injunction to remove her property from the tax sale. She contends that the petition should have been granted because she met the requirements for a preliminary injunction to be granted. She further claims that the Circuit Court had subject matter jurisdiction over her petition because she was seeking injunctive relief and not a property tax appeal or a reassessment of taxes.

■ " 'The General Assembly created the Indiana Tax Court for the purpose of consolidating tax-related litigation in one court of expertise.' " *Marion County Auditor v. Revival Temple Apostolic Church,* 898 N.E.2d 437, 445 (Ind.Ct.App.2008) (quoting *Warrick County v. Weber,* 714 N.E.2d 685, 688 (Ind.Ct.App.1999)), *trans. denied* (2009). "[T]he legislature intended that all taxpayer challenges to property tax assessments, regardless of the reason for the challenge, be decided by the tax court after the taxpayer has appealed to the County Board of Review and the State Board of Tax Commissioners." *Common Council of City of Hammond v. Matonovich,* 691 N.E.2d 1326, 1330 (Ind.Ct.App. 1998), *trans. denied.* Therefore, "a taxpayer wishing to challenge the legality of a property tax assessment must pursue available administrative remedies" as provided by the Indiana Code. *Id.*

■ Under the Indiana Code, the Indiana Tax Court has exclusive jurisdiction over any case that arises under the tax laws of the state. Ind.Code §§ 33–26–3–1, 33–26–3–2. For purposes of determining whether the Indiana Tax Court has exclusive jurisdiction, a case "arises under" the tax laws if: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves collection of a tax or defenses to that collection. *Revival Temple Apostolic Church,* 898 N.E.2d at 445. An appeal of the assessment of property taxes is a matter which arises under the tax laws of Indiana. *Matonovich,* 691 N.E.2d at 1328–29. The exclusive jurisdiction of the Tax Court to hear matters arising under the tax laws divests the Circuit Court of jurisdiction to hear challenges to assessments. *Id.* at 1329.

■ An appeal of a tax assessment must first be taken to the County Board, and if the taxpayer is not successful before the County Board, or if the County Board does not hold a hearing, the taxpayer may appeal that decision to the State Board. Ind.Code §§ 6–1.1–15–1(a), (k), (*o*); 6–1.1–15.12(e). The State Board is authorized to review all appeals concerning property tax assessments, deductions, and exemptions. Ind.Code § 6–1.5–4–1. Alternatively, a taxpayer may file a claim for a refund pursuant to the Indiana Code, which also provides for an administrative appeal remedy. Ind.Code §§ 6–1.1–26–1 to –6. A negative decision under either process results in final determination under Indiana Code section 33–26–3–1 that vests exclusive jurisdiction in the Indiana Tax Court. *Revival Temple Apostolic Church,* 898 N.E.2d at 445. A final determination of the Tax Board for purposes of Tax Court jurisdiction is an order that determines the rights of, or imposes obligations on, the parties as a consummation of the administrative process. *Title Servs., LLC v. Womacks,* 848 N.E.2d 1151, 1155 (Ind.Ct. App.2006). " 'This final determination requirement essentially amounts to the principle, basic to all administrative law, that a party seeking judicial relief from agency

action generally must first establish that all administrative remedies have been exhausted.' " *Id.* (quotations omitted).

■ A taxpayer cannot, however, circumvent the final determination requirement basis for the Indiana Tax Court's exclusive jurisdiction over tax appeals by filing an action in a trial court instead of with the relevant administrative agency. *Id.* The taxpayer must first follow the proper administrative tax appeal procedure, and then pursue judicial review only with the Tax Court. *Womacks,* 848 N.E.2d at 1156. If a taxpayer fails to exhaust his or her administrative remedies, the Circuit Court lacks subject matter jurisdiction. *Revival Temple Apostolic Church,* 898 N.E.2d at 445.

■ In the present case, Truedell–Bell did not follow the proper administrative tax appeal procedure to have her property removed from the tax sale. As her petition arises under the tax law, the Tax Court has exclusive jurisdiction to grant injunctive relief, not the Circuit Court. While we have sympathy with Truedell–Bell's situation and her frustration over the delay in hearing her appeals, the legislature has established a procedure by which the Indiana Tax Court had exclusive jurisdiction to grant injunctive relief here, and not the Circuit Court. By not following the statutory procedure that exists for disputes under the tax law, Truedell–Bell failed to exhaust her administrative remedies, and the Circuit Court did not have jurisdiction. Because the legislature has established an adequate remedy at law, the trial court appropriately denied Truedell–Bell's petition.

Affirmed.

RILEY, J., and BAILEY, J., concur.