Brenda TRUEDELL–BELL, Petitioner,

v.

**MARION COUNTY TREASURER,**
**Respondent.**

No. 49T10–1107–TA–46.

Tax Court of Indiana.

Aug. 31, 2011.

Evelyn Keaton, Attorney at Law, Indianapolis, IN, Attorney for Petitioner.

Marc Pe–Caine Sultzer, Office of Corporation Counsel, Indianapolis, IN, Attorney for Respondent.

## ORDER ON PETITIONER'S PETITION FOR INJUNCTIVE RELIEF

WENTWORTH, J.

Brenda Truedell–Bell has filed a "Petition for Temporary Order/Injunction Removing Property from the Property Tax Sale Pending the Outcome of the Assessment Appeal/Property Reassessment" (Petition). While the Petition asks the Court to consider and resolve several issues, one is dispositive: does the Tax Court have subject matter jurisdiction?

## FACTS AND PROCEDURAL HISTORY

On July 23, 2008, Truedell–Bell filed with the Marion County Assessor four petitions challenging the 2007 assessment of property she owned in Marion County. The petitions alleged that each of the properties was a brownfield and therefore overvalued. The Marion County Property Tax Assessment Board of Appeals (PTABOA) has never scheduled a hearing on Truedell–Bell's appeal petitions, and Truedell–Bell did not pay the placeholder tax liability to keep the property out of a tax sale while her appeals were pending.[1] As a result, the Marion County Treasurer and Auditor included Truedell–Bell's property in the 2009 tax sale for delinquent taxes, which was scheduled to occur on March 18, 2010.

On February 23, 2010, Truedell–Bell filed, *pro se*, a petition in Marion Circuit Court requesting that her property be removed from the tax sale. On March 8, 2010, Truedell–Bell filed, by counsel, a petition for an injunction seeking to remove her property from the tax sale pending the resolution of her appeals with the PTABOA. On March 10, 2010, the Marion Circuit Court conducted a hearing in the matter; at that time, the Circuit Court denied Truedell–Bell's petition on the basis that it did not have subject matter jurisdiction.

Truedell–Bell subsequently appealed to the Indiana Court of Appeals. In a decision issued on December 9, 2010, the Court of Appeals affirmed the Circuit Court's denial of Truedell–Bell's petition, explaining that exclusive jurisdiction to grant the type of relief she sought rested with the Tax Court. *See Truedell–Bell v.*

---

1. In fact, it appears that when Truedell–Bell filed her assessment challenges with the Marion County Assessor on July 23, 2008, she actually had outstanding (*i.e.*, delinquent) tax liabilities on each of the properties. (*See* Pet'r App., Vol. 1 at A58–A65.)

*Marion Cnty. Treasurer,* 938 N.E.2d 291, 292–94 (Ind.Ct.App.2010).

On July 8, 2011, Truedell–Bell filed her Petition with this Court. The Court conducted a hearing on the matter on August 22, 2011.[2] At that time, Truedell–Bell indicated that on October 7, 2010, her property had been sold in the Marion County tax sale and, as a result, she was now asking the Court to enjoin the issuance of the tax deed on the property pending the PTABOA's determination on her appeal. (Hr'g Tr. at 23.) Additional facts will be supplied as necessary.

## LAW

Subject matter jurisdiction is the power of a court to hear and determine a particular class of cases. *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006). Subject matter jurisdiction can only be conferred upon a court by the Indiana Constitution or by statute. *State v. Sproles,* 672 N.E.2d 1353, 1356 (Ind.1996).

The general scope of authority conferred upon the Tax Court is governed by Indiana Code § 33-26-3-1. This statute provides that the Tax Court has "exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination" made by either the Indiana Department of State Revenue (Department) or the Indiana Board of Tax Review (Indiana Board).[3] IND.CODE § 33-26-3-1 (2011) (footnote added). Thus, in order for the Tax Court to possess subject matter jurisdiction over a case, two requirements must be met: 1) the case must arise under Indiana's tax laws, and 2) the case must appeal a final determination of either the Department or the Indiana Board.

With respect to the first requirement, a case "arises under" the tax laws if: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves the collection of a tax or defenses to that collection. *Sproles,* 672 N.E.2d at 1357. Because an appeal of a property tax assessment necessarily involves the collection of property tax, it is a matter that arises under the tax laws of Indiana. *See Common Council of City of Hammond v. Matonovich,* 691 N.E.2d 1326, 1328–29 (Ind.Ct.App.1998), *trans. denied.*

The second requirement embodies the principle basic to all administrative law that a party seeking judicial relief from an agency action must first establish that all administrative remedies have been exhausted. *See State Bd. of Tax Comm'rs v. Ispat Inland, Inc.,* 784 N.E.2d 477, 482 (Ind.2003). A "[f]ailure to exhaust administrative remedies is a defect in subject matter jurisdiction" and, accordingly, a court will be "completely ousted" from hearing the case at all. *State ex rel. Att'y Gen. v. Lake Super. Ct.,* 820 N.E.2d 1240, 1247 (Ind.2005) (citation omitted); *Ispat Inland,* 784 N.E.2d at 482. Thus, the lack of a final determination from either the Department or the Indiana Board, which is equivalent to the failure to exhaust administrative remedies, will act to deprive the Tax Court of subject matter jurisdiction in a case.

**2.** During the hearing, Truedell–Bell offered four exhibits: Appendix Volume 1, Appendix Volume 2, a handout entitled "Approaches to an Excessive Backlog in Property Tax Appeals," and copies of unfiled Form 131s (Petitions to the Indiana Board of Tax Review for Review of Assessment). While the Marion County Treasurer objected to both a portion of Appendix Volume 1 (pages A44 through the end) and the Form 131s, those objections are OVERRULED.

**3.** The Tax Court also has jurisdiction over those cases that have been specifically assigned to it by statute. IND.CODE § 33–26–3–3 (2011).

## ANALYSIS

■ Truedell–Bell maintains that her Petition is properly before the Tax Court because the Indiana Court of Appeals expressly stated in its *Truedell–Bell* decision that the Tax Court is where it needed to be.[4] (*See, e.g.*, Pet'r Pet. ¶ 5; Pet'r Mot. Determine Whether Tax Ct. Filing Fee Should Be Paid (filed July 8, 2011) ¶¶ 1, 3 (footnote added).) Truedell–Bell, however, has misconstrued that decision.

In its *Truedell–Bell* opinion, the Court of Appeals indicated that Truedell–Bell's petition for injunctive relief met the first of the Tax Court's jurisdictional requirements (*i.e.*, arises under Indiana's tax laws). *Truedell–Bell*, 938 N.E.2d at 293–94. Nevertheless, the Court of Appeals also repeatedly stated that Truedell–Bell needed a final determination from the Indiana Board *before* jurisdiction vested with the Tax Court. *See id.* (*Cf. with* Hr'g Tr. at 51 (where Truedell–Bell's counsel claims the Court of Appeals "didn't say go to the Indiana Board of Tax Review first[; i]f they'd said that, we would have done that").)

■ "[T]he legislature intended that all taxpayer challenges to property tax assessments, regardless of the reason for the challenge, be decided by the tax court *after* the taxpayer has appealed to the [PTABOA] and the[n to the Indiana Board]" if necessary. *Matonovich*, 691 N.E.2d at 1330 (emphasis added). In the event the PTABOA fails to timely conduct a hearing

on a taxpayer's assessment challenge, as the facts demonstrate here, the legislature has provided the taxpayer with a way to bypass the PTABOA and go directly to the Indiana Board for resolution. *See* IND. CODE § 6–1.1–15–1(*o*) (2008) (stating, among other things, that if the PTABOA fails to hold a hearing on a taxpayer's assessment challenge within 180 days of its filing, "the taxpayer *may* initiate a proceeding for review before the Indiana [B]oard") (emphasis added).[5] *Accord Truedell–Bell*, 938 N.E.2d at 293 (explaining that Indiana Code § 6–1.1–15–1(*o*) had provided Truedell–Bell with an avenue to obtain a final determination from the Indiana Board that would have vested jurisdiction in the Indiana Tax Court).

Truedell–Bell argues, however, that because Indiana Code § 6–1.1–15–1(*o*) uses the word "may," instead of the word "shall," she was not required to bypass the PTABOA and go to the Indiana Board. Rather, she could "wait things out" at the PTABOA level where she thought she had "the best chance of success." (Hr'g Tr. at 42–45, 49–50.) Truedell–Bell is correct in that the statute's use of the word "may" gives her such discretion. *See, e.g.*, WEBSTER'S THIRD NEW INT'L DICTIONARY (2002 ed.) at 1396, 2085 (explaining that "may" is a discretionary term while "shall" is mandatory one). Nevertheless, in deciding to pursue such a strategy, Truedell–Bell cannot circumvent the Indiana Board final determination requirement that is a basis for this Court's exclusive jurisdiction.[6]

---

4. During the hearing, Truedell–Bell also claimed that excessive delays by the PTABOA in the hearing of taxpayer assessment appeals like hers are unconstitutional. (*See, e.g.*, Hr'g Tr. at 7–8.) The Indiana Supreme Court has explained, however, that even those taxpayers who raise pure constitutional claims must first exhaust the administrative procedures and remedies established by the Legislature before appealing to the Tax Court. *See State*

*Bd. of Tax Comm'rs v. Montgomery*, 730 N.E.2d 680, 686 (Ind.2000).

5. This statutory provision, which is still in effect today, was enacted with an effective date of July 1, 2007. *Cf.* IND.CODE 6–1.1–15–1(*o*) (2011) *with* IND.CODE § 6–1.1–15–1(*l*) (eff.7–1–2007).

6. To ensure that her property was not sold in a tax sale while she waited for the PTABOA to

## CONCLUSION

"The current statutory framework limits access to the Tax Court t[hrough] specified procedural channels." *State Bd. of Tax Comm'rs v. Montgomery,* 730 N.E.2d 680, 686 (Ind.2000). That statutory framework not only required Truedell–Bell to obtain a final determination from the Indiana Board before appealing to the Tax Court, but provided her with an avenue—when the local assessment appeal process failed her—by which she could obtain that final determination. Because Truedell–Bell's lack of a final determination from the Indiana Board deprives this Court of subject matter jurisdiction, this cause is hereby DISMISSED.[7]

SO ORDERED.

resolve her appeals, Truedell–Bell was required to pay a placeholder tax liability. Indeed, "even though a petition for review [of assessment] . . . is pending, the taxpayer *shall* pay taxes on the tangible property when the property tax installments come due[.]" Ind. Code § 6–1.1–15–10(a) (2011) (emphasis added). "The amount of taxes which the taxpayer is required to pay . . . shall be based on . . . an amount based on the immediately preceding year's assessment of real property if an assessment, or increase in assessment, of real property is involved." I.C. § 6–1.1–15–10(a)(2). As mentioned earlier, Truedell–Bell did not pay this liability.

7. Though Truedell–Bell's property has already been sold in the Marion County tax sale, she may still redeem that property before October 7, 2011. *See* Ind.Code §§ 6–1.1–25–1, –2, –4 (2011).